19193

Opal HODGE, Respondent, v. George C. MYERS, Edith Myers, James D. Poag and Elmer Selmon as Executors and Trustees under the Will of James S. Myers, d/b/a Kash & Karry, Appellants.

(180 S. E. (2d) 203)

*James H. Watson, Esq., Leatherwood, Walker, Todd & Mann,* of Greenville, *for the Appellants,*

*Messrs. Rainey, Fant & McKay,* of Greenville, *for Respondent,*

March 25, 1971.

LITTLEJOHN, Justice.

This action was instituted to recover damages for personal injuries sustained when the plaintiff fell in the store of the defendants. The complaint alleges that the plaintiff fell over an object or substance placed on the floor by the defendants or which was there by reason of the manner in which the defendants operated the business.

The answer is a general denial and a plea of contributory negligence, recklessness, wilfulness and wantonness on the part of the plaintiff.

On September 29, 1970, plaintiff's counsel served Requests for Admissions under Rule 89 of the circuit court. On October 5 defendants' counsel served Objections to the Requests. The case was scheduled for trial at a term of court commencing October 12, 1970. The Requests for Admissions and Objections thereto came to be heard before the Honorable Louis Rosen, presiding judge, on October 12 at a pretrial conference as provided for in Rule 43. As a result of the pretrial conference Judge Rosen issued his order directing both the plaintiff and the defendants to provide the other with a list of the names and addresses of all persons known or reasonably believed to have knowledge or information concerning the fall and injuries in question. The plaintiff

complied with the order; the defendants refused to comply and have appealed.

Several exceptions appear in the record. In defendants' brief it is conceded that only one question is really involved and that is stated as follows:

"Does the Trial Court Have Authority to Direct a Party to Divulge the Names and Addresses of Any Person Known By The Party or Reasonably Believed by It, to Have Information Concerning an Accident Giving Rise to Litigation?"

Defendants argue that a rule permitting interrogatories has not been adopted by our State court, and that absent such rule, the trial judge erred in directing the litigants to exchange lists of witnesses.

It is clear that the trial judge fully recognized that there does not exist in this State a rule permitting interrogatories, and that he proceeded under Rule 43 instead. We quote from his order:

"Our State Court rules do not provide for interrogatories, but the entire thrust of these rules is for full and fair discovery to prevent a trial from becoming a guessing game or one of surprise for either party. It is the opinion of this Court that under such rules generally it has authority to order the production of such information by counsel for either party, and, in particular, this Court is given express authority under Rule 43 relating to pre-trial conferences to hold a conference to consider, among other things, the possibility of obtaining admissions of fact and documents which will avoid unnecessary proof and the limitation of the number of witnesses and 'such other matters as may aid in the disposition of the action.' It is felt in view of the conference held, which this Court interprets generally as a pre-trial conference, such information as desired may materially limit the number of witnesses and may certainly aid in the disposition of the case. Although the State Court rules do not specifically provide for a formal pretrial order, it is felt that this Court has the implied or inherent power to issue such orders in

support of its jurisdiction and authority in connection with such a conference and as may prevent a miscarriage of justice."

Rule 43 is as follows:

"A rule providing for pretrial conferences.—In any action, the Court may, in its discretion, direct the attorneys for the parties to appear before it for a conference to consider

(1) The simplification of the issues;

(2) The necessity or desirability of amendments to the pleadings;

(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4) The limitation of the number of witnesses; and

(5) Such other matters as may aid in the disposition of the action."

Counsel for the appellants further take the position that even though the judge is authorized by Rule 43 to summons attorneys for the purpose of a pretrial conference, that the rule is not designed to require attorneys for the parties to help to accomplish the goals enumerated in the rule. It is contended that the judge may merely summons the parties together so that they may "consider" those things enumerated by the rule. Defendant would construe the rule to leave the trial judge powerless to require the cooperation of counsel. We disagree.

We hold that when a case reaches the pretrial conference stage the trial judge has a broad authority, both inherent and under Rule 43, to accomplish those things enumerated in the rule, and to expedite the case such that it may go forward without unusual delay. See *Edenfield v. Crisp,* Fla. App., 186 So. (2d) 545 (1966).

Our pretrial conference rule, like the rule or statute in several other states is greatly similar to Rule No. 16 of the Federal Rules of Civil Procedure. The particular question here involved would not arise under the Federal Rules because, as indicated by Judge Rosen in his

order, "Such information, of course, would be readily available in a Federal court through interrogatories." At the pretrial conference stage the judge and counsel may consider "the limitation of the number of witnesses." If the judge is to attempt to limit the number of witnesses he is, as a matter of discretion, entitled to require the names and addresses of persons who have information helpful to disposition of the case. Counsel is likewise entitled to this information.

This is the first time our court has been called upon to interpret Rule 43. The following, taken from 88 C. J. S. Trial § 17 (2) (1955), is relevant to the powers of the pretrial judge and to the purposes of the pretrial conference:

"The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issues, to eliminate the doing of useless things and to facilitate the attainment of justice between the parties. Pretrial conferences are designed to prevent surprise and eliminate maneuvering; to encourage the settlement of cases in advance of the formal trial; to limit the issues for trial to those not disposed of by admissions or agreements of counsel; to avoid unnecessary proof of facts at the trial; to avoid the evil of submitting a complicated case to the jury in such a manner as to be incomprehensible to the jury; to compel the factual truth in the controversy short of invading the private, separate counsel of the parties; to amend the pleadings where necessary or to dispose of possible amendments of the pleadings; to obtain agreements concerning material evidence; to procure the presentation and identification of papers, documents, and exhibits of various kinds in advance of the formal trial; to determine the number of expert witnesses; and, in general, to do whatever may be reasonably necessary to facilitate and shorten the formal trial."

The prime purpose of a pretrial conference is not to bring about settlement, but it is well known in legal circles that settlements are an important by-product

of the conference. It is equally well known that court dockets must be operated largely on settlements because no appreciable portion of the cases filed in court can be actually tried before a jury to a final conclusion. Since dockets must be kept current largely by settlements, litigants and attorneys should be allowed liberal discovery. It would appear that the trial judge concluded that the exchange of lists of potential witnesses would help the parties in their quest of the whole truth. Such would, of course, increase the likelihood of a fair trial. We find no error.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.