19760

Nancy H. LANEY, as Administratrix of the Estate of Angela Dawn Laney, Respondent, v. James Crawford HEFLEY, Appellant

(202 S. E. (2d) 12)

*Messrs. B. D. Hayes* and *John C. Hayes* of *Hayes, Brunson & Gatlin,* Rock Hill, *for Appellant,*

*Messrs. James H. Howey,* of Lancaster, and *Henry Hammer,* of Columbia, *for Respondent,*

January 17, 1974.

BUSSEY, Justice:

This is an action, commenced in February 1972, to recover for the wrongful death of Angela Dawn Laney who was two and a half years old at the time of her death. She was fatally injured on October 26, 1970 when she came in contact with an automobile driven by the appellant, the accident occurring on Hudson Street in the City of Lancaster, approximately in front of the home of her grandmother, Mrs. Nellie Laney, with whom the child and her parents were then living. At a trial commencing October 26, 1972, the plaintiff recovered a verdict for actual damages in the amount of $7,000.00.

The only question upon appeal arises out of the application of Circuit Court Rule 90 to the facts herein related. In April 1972, pursuant to interrogatories served upon plaintiff, answers thereto were served in which there were listed the names of witnesses known to plaintiff or her counsel, there not being listed the names of four persons who were present in the house with the mother of the deceased child at the time of the fatal accident. Subsequently, on September 20, 1972, the defendant took the depositions of both parents of the deceased child and each of them testified that they did not know of any witness who actually saw the accident. The mother, however, testified that there were four persons present with her at the residence at the time of the accident, to-wit: Mrs. Nellie Laney, Pat Ballard, Barbara Reeves and Emily Hinson, none of whose depositions, however, was subsequently taken by the defendant.

Upon the trial of the case, counsel for plaintiff offered all four of these persons as witnesses. Counsel for the defense objected on the ground that they had not been disclosed as

witnesses in answers to the April interrogatories and contended that such witnesses should not be permitted to testify. The trial judge, in the absence of the jury, heard the testimony of all of these witnesses and thereafter denied defendant's motion for a mistrial and ruled that such witnesses would be permitted to testify. However, only the grandmother, Mrs. Nellie Laney, and Mrs. Hinson testified in the presence of the jury. The defendant presently does not contend that there was anything prejudicial in the testimony of Mrs. Hinson, but does seriously urge that His Honor erred in failing to either exclude the testimony of Mrs. Nellie Laney, or, in the alternative, grant his motion for a mistrial.

Mrs. Nellie Laney did not actually see the accident but testified that she was sitting at a window in her bedroom sewing when she heard the Hefley car approaching, looked up and saw the car going by the window, and a moment later heard the noise of the accident. She was asked if she could tell about how fast the car was going and replied, "I am not a good judge of how fast a car goes. I would say 35 or 40 miles." She was the only witness offered by the plaintiff who actually saw the defendant's car prior to the accident, but her testimony as to the speed thereof was corroborative of the testimony of the father of the child to the effect that the defendant himself had stated subsequent to the accident that his speed was about 35 to 40 miles per hour, which statement the defendant denied having made. The lawful, applicable speed limit was 25 miles per hour.

The plaintiff was initially represented by Mr. James H. Howey, of the Lancaster Bar, who tried the case. At some point Mr. Howey associated Mr. Henry Hammer of the Columbia Bar who apparently would have assisted in the trial of the case but for illness. Argument on behalf of the plaintiff-respondent in this Court was made by Mr. Hammer. The answers to the interrogatories were prepared by Mr. Hammer but from information furnished by Mr. Howey, and there is no suggestion anywhere in the record

that there was any failure on the part of Mr. Hammer to fully comply with the pertinent rule.

The record does not at all disclose just when Mr. Howey ascertained that Mrs. Nellie Laney, or any of the other proffered witnesses not disclosed in the answers to the interrogatories, knew anything about the accident which would warrant calling them as witnesses. The brief of the respondent, however, represents that Mr. Howey did not ascertain until several days before the actual trial while in the course of trial preparation. For the purpose of this appeal, we assume the correctness of this representation. The record containing no direct evidence that there was a willful or intentional failure on the part of Mr. Howey to fail to comply with Circuit Court Rule 90, we further assume that his noncompliance was not willful or intentional. Nevertheless, we wish it clearly understood that there was noncompliance on his part amounting to a violation of both the letter and spirit, we think, of the rule. By the literal terms of Rule 90, interrogatories served pursuant thereto are continuing ones and Mr. Howey was required to promptly transmit to the opposition the fact that he had ascertained that there were additional witnesses whom he proposed to proffer on behalf of the plaintiff.

While there was clearly noncompliance with the Rule, it does not necessarily follow that there was any reversible error in the trial court's refusal of defendant's motions based on such noncompliance. Rule 90(f) provides the procedure to be followed when a party fails to respond to interrogatories, but the Rule contains no express provision to govern the trial court, or this Court, in dealing with the particular noncompliance with which we are here concerned. Numerous other courts have been concerned with the question of what sanctions, if any, are to be imposed where there is a failure to fully comply with the rule, such as we are confronted with here. The weight of authority is to the effect that such matters, of necessity, have to be left largely to the discretion of the trial court.

"The discretion of the court extends also to the determination of the sanction where the answer to an interrogatory is inaccurate. The situation occurs most often where a party, in response to an interrogatory asking for the names of witnesses of whom he has knowledge, fails to mention a particular witness known to him, and subsequently calls that witness at the trial. It is impossible to lay down any rule as to the proper course to be followed in such circumstances, and the sound discretion of the trial court should be respected. That court will consider the explanation, if any, for failure to name the witness in answer to the interrogatory, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance. In light of all these factors, it may then determine to permit the witness to testify, it may exclude the witness, or it may grant the continuance so that the other side may take the deposition of the other witness or otherwise prepare to meet his testimony." 2A Barron & Holtzoff, Fed. Prac. & Proc., Sec. 776 (Wright Ed. 1969) at supp. p. 93.

There is some authority for the proposition that, at least under some circumstances, the testimony of an undisclosed witness should be excluded by the trial judge and that the failure to do so is reversible error. The general, and we think the better, rule is well stated in *Wright v. Royse,* 43 Ill. App. (2d) 267, 193 N. E. (2d) 340 (1963), as follows:

"We hold that the exclusion of a witness whose name is not given in answer to an interrogatory calling for it is but one of the discretionary powers committed to a trial judge for the proper conduct of litigation. . . . We further hold that there is no mandatory rule requiring the trial court to exclude a witness whose name is not given, but that the trial court is under a duty, when the situation arises, to delay the trial for the purpose of ascertaining the type of witness involved and the content of his evidence, the nature of the failure or neglect or refusal to furnish the witness' name,

and the degree of surprise to the other party, including prior knowledge of the name by said party."

We also approve the following statement contained in the opinion of *Carver v. Salt River Valley Water Users' Ass'n*, 8 Ariz. App. 386, 446 P. (2d) 492, 496 (Ariz. 1968):

"Our Rules of Civil Procedure are designed to promote decisions on the merits after a full and fair hearing, and the sanction of exclusion of a witness should never be lightly invoked. Many variable circumstances determine whether a sanction is appropriate and if so, what sanction should be imposed. The precise nature of the interrogatories and discovery posture of the case, willfulness and the degree of prejudice are some of the important factors."

The fact that the opposing party has independent knowledge of the existence of such witness prior to the trial is a major consideration and in two cases coming to our attention the approved refusal to exclude the testimony of undisclosed witnesses has been largely based thereupon. See *Buckler v. Sinclair Refining Company*, 68 Ill. App. (2d) 283, 216 N. E. (2d) 14 (1966); *Wolfe v. Northern Pacific Railway Co.*, 147 Mont. 29, 409 P. (2d) 528 (1966). In the *Buckler* case, the undisclosed witness was a doctor whose testimony was not excluded upon the trial, and with reference thereto, the court had the following to say:

"Since the defendant had knowledge that Dr. Rosecan attended the plaintiff, the defendant was not warranted in assuming what the examination disclosed or the nature of Dr. Rosecan's conclusions. If there was prejudice or surprise it was, at least in part, due to failure of the defendant to inquire more fully into the nature and significance of this examination."

In the present case the defendant had knowledge through the deposition of the mother of the child, taken more than a month before the trial, of the presence of Mrs. Nellie Laney in the residence at the time of the accident. While the de-

fendant was given no information as to what, if anything, she knew about the accident, we do not think the defendant was warranted in assuming that she knew none of the details surrounding the accident, or that she was not possessed of any information of probative value as to how the accident occurred, even though she did not see it.

Under all of the circumstances reflected by the record, we are not convinced that there was any abuse of discreiton on the part of the trial judge, amounting to an error of law, in refusing defendant's motion for a mistrial and permitting Mrs. Nellie Lancey to testify. Defendant's contention of prejudice is keyed only to her testimony as to the speed of the vehicle immediately preceding the accident. Her estimate of such speed was preceded by the statement that she was not a good judge, thus rendering her testimony on this point none too strong, particularly when she at most had only a glimpse of the car. Much stronger evidence of speed, if believed by the jury, was the testimony of the father of the child as to the admission made by the defendant. The contention that the defendant was exceeding the lawful speed limit was only one basis of contended liability. The record contains abundant evidence tending to prove that the defendant was negligent in particulars other than exceeding the speed limit, which proximately caused the death of the child.

We conclude that there was no error and the judgment below is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, concur.