558 S.E.2d 911

**Joseph K. JUMPER, Respondent,**

v.

**Anissa R. HAWKINS, Appellant.**

**No. 3423.**

Court of Appeals of South Carolina.

Heard Nov. 7, 2001.
Decided Dec. 17, 2001.

---

William F. Gorski, of Lexington, for appellant.

George W. Branstiter, of Branstiter Law Offices, of Lexington; and Deborah R.J. Shupe, of Louthian Law Firm, of Columbia, for respondent.

Sheila McNair Robinson, of Wilson, Moore, Taylor & Thomas, of West Columbia, Guardian ad Litem.

ANDERSON, J.

In this Family Court action, Anissa R. Hawkins ("Mother") appeals an order awarding custody of the parties' minor child, Benjamin David Sims ("Benjamin"), to Joseph K. Jumper ("Father"). We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Benjamin was born on January 13, 1991, and is the biological child of Mother and Father. The parties never married. Mother was awarded custody of Benjamin on September 22, 1995. Father commenced this action on June 29, 1998, seeking a change of custody.

The Family Court held a pre-trial conference on May 14, 1999, approximately 10 months before the trial date. Following this conference, the judge issued an order, which memorialized the issues before the court. The order also stated that "[n]o witnesses may be added ten (10) days before trial and the witness list will be exchanged between the parties ten (10) days before trial." Counsel for both parties were present at the pre-trial conference, and these same attorneys represented the parties at trial.

When the trial began on March 7, 2000, Mother made a motion to add Dr. Lisa Jackel, a psychologist, as a witness. Mother stated that Father was informed of this witness as early as February 11, 2000. On that date, Mother's counsel told Father's counsel he had retained Dr. Jackel to testify. Father's counsel had also been advised of the witness' existence by letter faxed to him from Mother's counsel on February 28 or 29, 2000. Upon receiving the fax, Father's counsel wrote on the face of it, "I object to this witness," signed it, and returned it. At trial, Father opposed Mother's motion to allow the witness to testify.

In denying the motion, the Family Court judge stated:

I don't take lightly deviation from the Rules, and only in certain circumstances where there's absolute necessity for it and there's been no fault shown or there's been diligence shown by the parties.... I don't view this as one of those

situations. We have a pretrial order that stands in this case. The Court's going to adhere to that.... I'm going to deny the motion. We're going to proceed with the case as set, adhering to the witness list that has been previously sent to the Court.

Mother's counsel moved for reconsideration, which the Family Court denied. In his ruling, the judge stated:

Well, I can reconsider; and I'll give you the same results. I believe I've taken great pain to explain to you how the Court views the Rules of Practice; and to allow it to be treated as something other than that clearly would undermine even the professionalism of the lawyers coming before the Court. I take this as a very serious matter.

. . . .

... [Y]ou've really not given me any reason to deviate from the standard protocol. We have a standard pretrial order; I'm going to adhere to it. And that's what this case is going to be about. So I deny your motion after reconsidering your request.

By order filed May 4, 2000, the Family Court awarded Father permanent custody of Benjamin. Mother subsequently moved to amend the judgment and for a new trial. The Family Court judge denied Mother's motions in an order filed June 26, 2000. This appeal followed.

## ISSUE

Did the Family Court err in excluding Mother's expert witness from testifying?

## LAW/ANALYSIS

### Sanction: Exclusion of a Witness

■ Mother argues the Family Court erred in strictly adhering to the pre-trial order and not allowing her to call Dr. Jackel as an expert witness. We agree and find the judge did not consider all of the relevant factors when excluding the witness.

A veracious review of this issue requires an examination of the rules and principles that govern pre-trial procedure in our state. Rule 16(b) of the South Carolina Rules of Civil Proce-

dure concerns orders issued by the trial judge at the pre-trial stage:

**Pre-trial Orders.** The court shall make a written order which recites the action, if any, taken at the hearing, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified on motion, *or at the trial to prevent manifest injustice.* The order may, *in the court's discretion,* also: (1) *provide that exhibits or witnesses not listed at the hearing may not be called or admitted in evidence at the trial, unless such witness or exhibit is discovered after pre-trial hearing and promptly disclosed to opposing parties;* (2) provide that all motions pending at the time of the hearing which are not presented for disposition are deemed abandoned; (3) provide that all or part of the pre-trial hearing be continued to a future time, or that additional pre-trial hearings be scheduled to promote the orderly and efficient disposition of the action.

(emphasis added).

The Family Court expressly recognizes the Rules of Civil Procedure. *See* Rule 2, SCRFC(a) ("In addition to the rules set forth in Sections I, II and III of these Rules of Family Court, the South Carolina Rules of Civil Procedure (SCRCP) shall be applicable in domestic relations actions to the extent permitted by Rule 81, SCRCP.") This recognition, however, is not without exception. *See id.* ("The following SCRCP, however, shall be inapplicable: 5(a) to the extent it does not require notice to a defendant of every hearing, 8(d) to the extent it provides that the failure to file a responsive pleading constitutes an admission, 12(b) to the extent it permits a 12(b)(6) motion to be converted to a summary judgment motion, 12(c), 13(j), 18, 23, 38, 39, 40(a & b), 42 to the extent it refers to trial by jury, 43(b)(1) to the extent it limits the use of leading questions to cross-examination, 43(i & j), 47, 48, 49, 50, 51, 54(c) to the extent it permits the court to grant relief not requested in the pleadings, 55, 56, 68, 69, 71, 72, 78, 79, and 84."). Rule 16, SCRCP is not excluded by virtue of Rule 2(a),

SCRFC. Therefore, Rule 16, SCRCP is applicable in the Family Court's domestic dispute setting.

Rule 16, SCRCP is imbued with discretion to be exercised by the Family Court judge to prevent "manifest injustice." Additionally, Rule 16, SCRCP specifically references "the court's discretion." *See* James F. Flanagan, *South Carolina Civil Procedure* 137 ("The language of [Rule 16, SCRCP], particularly the 'manifest injustice' standard for modifying the order, suggests that good reason should be required for any changes. The order should not be followed blindly.").

Former Circuit Court Rule 43 is the forerunner to Rule 16, SCRCP. In *Hodge v. Myers,* 255 S.C. 542, 180 S.E.2d 203 (1971), the Supreme Court considered whether the trial court had the authority to direct Myers and the other defendants to divulge the names and addresses of persons defendants knew had information concerning the accident precipitating the litigation. In its response, the Court analyzed the governing procedural rule—Rule 43—and the broad discretion it placed in trial judges involving pre-trial matters:

> We hold that when a case reaches the pretrial conference stage the trial judge has a broad authority, both inherent and under Rule 43, to accomplish those things enumerated in the rule, and to expedite the case such that it may go forward without unusual delay.
>
> . . . .
>
> ... At the pretrial conference stage the judge and counsel may consider "the limitation of the number of witnesses." If the judge is to attempt to limit the number of witnesses he is, as a matter of discretion, entitled to require the names and addresses of persons who have information helpful to disposition of the case. Counsel is likewise entitled to this information.

*Id.* at 546–47, 180 S.E.2d at 205–06 (citation omitted).

The *Hodge* Court also discussed the efficacy and importance of pre-trial conferences:

> The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issues, to eliminate the doing of useless things and to facilitate the attainment of justice between the parties. Pretrial conferences are designed to prevent surprise and

eliminate maneuvering; to encourage the settlement of cases in advance of the formal trial; to limit the issues for trial to those not disposed of by admissions or agreements of counsel; to avoid unnecessary proof of facts at the trial; to avoid the evil of submitting a complicated case to the jury in such a manner as to be incomprehensible to the jury; to compel the factual truth in the controversy short of invading the private, separate counsel of the parties; to amend the pleadings where necessary or to dispose of possible amendments of the pleadings; to obtain agreements concerning material evidence; to procure the presentation and identification of papers, documents, and exhibits of various kinds in advance of the formal trial; to determine the number of expert witnesses; and, in general, to do whatever may be reasonably necessary to facilitate and shorten the formal trial.

*Id.* at 547, 180 S.E.2d at 206 (quoting 88 C.J.S. *Trial* § 17(2) (1955)).

In addition to Rule 16, SCRCP, we examine several cases involving disclosure of witnesses decided under the previous Circuit Court Rule 90.[1] In *Laney v. Hefley,* 262 S.C. 54, 202 S.E.2d 12 (1974)—decided under former Circuit Court Rule 90—our Supreme Court stated:

Rule 90(f) provides the procedure to be followed when a party fails to respond to interrogatories but the Rule contains no express provision to govern the trial court ... in dealing with the particular noncompliance with which we are here concerned [failure to disclose four witnesses in answers to interrogatories] ... The weight of authority is to the effect that such matters, of necessity, have to be left largely to the discretion of the trial court.

*Id.* at 58, 202 S.E.2d at 14.

The Court added, "It is impossible to lay down any rule as to the proper course to be followed under such circumstances, and the sound discretion of the trial court should be respected." *Id.* at 59, 202 S.E.2d at 14 (quoting 2A Barron &

---

1. Prior Circuit Court Rule 90, entitled "Rules for Interrogatories," was repealed in 1985 when the current Rules of Civil Procedure were enacted. James F. Flanagan, *South Carolina Civil Procedure* 3 (2d ed.1996).

Holtzoff, *Federal Practice & Procedure* § 776 (Wright ed.1969)).

 The *Laney* Court outlined the general rule regarding testimony of an undisclosed witness:

We hold that the exclusion of a witness whose name is not given in answer to an interrogatory calling for it is but one of the discretionary powers committed to a trial judge for the proper conduct of litigation. . . . *We further hold that there is no mandatory rule requiring the trial court to exclude a witness whose name is not given, but that the trial court is under a duty, when the situation arises, to delay the trial for the purpose of ascertaining the type of witness involved and the content of his evidence, the nature of the failure or neglect or refusal to furnish the witness' name, and the degree of surprise to the other party, including prior knowledge of the name by said party.*

*Id.* at 59–60, 202 S.E.2d at 14 (quoting *Wright v. Royse*, 43 Ill.App.2d 267, 193 N.E.2d 340, 350 (1963)) (emphasis added).

The same factors were cited and used in an analysis involving exclusion of a witness in *Moran v. Jones*, 281 S.C. 270, 315 S.E.2d 136 (Ct.App.1984). In *Moran*, this Court held:

Exclusion of a witness is a sanction which should never be lightly invoked. Before so ruling, the trial court has a duty to ascertain the type witness involved, the content of his evidence, the nature of failure, neglect or refusal to furnish the witness's name, and the degree of surprise to the other party, including any prior knowledge of the name by the other party.

*Id.* at 276, 315 S.E.2d at 139 (citations omitted).

Our Supreme Court has additionally ruled:

When a violation [of Rule 90 involving non-disclosure of a witness] is made to appear, it lies within the discretion of the trial judge to decide what sanction, if any, should be imposed. *The rule is "designed to promote decisions on the merits after a full and fair hearing, and the sanction of exclusion of a witness should never be lightly invoked."*

*Jackson v. H & S Oil Co., Inc.,* 263 S.C. 407, 411, 211 S.E.2d 223, 225 (1975) (quoting *Carver v. Salt River Valley Water Users' Ass'n.,* 8 Ariz.App. 386, 446 P.2d 492, 496 (1968)) (emphasis added). ·

This sound discretion standard and analysis has been used since Rule 90 was repealed. *See Dunn v. Charleston Coca-Cola Bottling Co.,* 307 S.C. 426, 415 S.E.2d 590 (Ct.App.1992), *rev'd on other grounds,* 311 S.C. 43, 426 S.E.2d 756 (1993).

· In *Dunn,* this Court stated:

> The decision of whether or not to allow a witness to testify who was not previously listed on answers to interrogatories rests within the sound discretion of the trial judge. In deciding whether to allow such a witness to testify, the trial judge should consider the reason the new information was not provided earlier, the purpose of the new information and the prejudice to the opposing party.

*Id.* at 432, 415 S.E.2d at 593 (citation omitted); *see also Reed v. Clark,* 277 S.C. 310, 316, 286 S.E.2d 384, 388 (1982) ("Disclosure of information between the parties before trial is designed to avoid surprise and to promote decisions on the merits after a full and fair hearing.") (citation omitted).

In the present case, the Family Court judge had a duty to review and evaluate the proposed witness using the factors listed in the cases discussed above. Although the present case involves a party's failure to comply with a pre-trial order requiring disclosure of a witness, rather than failure to comply with court rules relating to disclosure of a witness, we find the situations are similar enough to require the judge to employ the *Laney* factors in making his decision. In both instances, the party has a duty to timely disclose information as required by the court, whether it be through a court rule or court order.

The court knew: (1) Dr. Jackel, a psychologist, was Mother's proposed witness; and (2) would be offered as an expert. Thus, the court met its duty in ascertaining the type of witness involved. *Laney v. Hefley,* 262 S.C. 54, 59, 202 S.E.2d 12 (1974).

Mother never offered any details of Dr. Jackel's testimony, nor did she attempt to proffer the testimony. However, the court never made an inquiry into the content of the evidence

Dr. Jackel would offer. By not getting *any* information about the proposed witness' testimony, the court did not meet its duty of discovering and evaluating the content of the potential evidence. *Id.*

The trial court must also consider the nature of the failure, neglect, or refusal to furnish the witness' name and the degree of surprise to the other party, including any prior knowledge of the name by the other party. *Id.* On February 11, 2000, Mother's counsel told Father's counsel that Mother had retained Dr. Jackel to testify for the Defendant. On February 28 or 29, Mother's counsel informed Father's counsel by letter that Dr. Jackel should be added to Mother's witness list. Father's counsel faxed her the letter back stating his objection. In this instance, there was no failure, neglect or refusal to *furnish* the witness' name. The imbroglio was that Mother did not comply with the pre-trial order. The degree of surprise to Father, if any, was minimal, as he had prior knowledge of Dr. Jackel in writing by February 29, 2000, at the latest. Although the trial judge had this information, there is no indication that he considered it in making his ruling.

Here, there does not appear to be a reason why the new information was not provided earlier, especially since Mother knew she wanted to call Dr. Jackel before the ten-day limit and even told Father's counsel about the witness as early as February 11, 2000. There is nothing in the record about the purpose of the witness, and it appears that the court had no information regarding this factor. Concerning prejudice to the opposing party, Father was unable to take the witness' deposition or otherwise discover what her testimony would be. Considering this, the witness' testimony would have arguably prejudiced the Father. These were all additional considerations for the trial judge. *Dunn,* 307 S.C. at 432, 415 S.E.2d at 593. Nevertheless, there is no evidence to indicate he considered them.

We do not find the court learned and analyzed all of the details and information about Dr. Jackel's proposed testimony, as required by our current case law. In its ruling, the court focused on the pre-trial order. The court stated as part of its ruling, "We have a pretrial order that stands in this case. The Court's going to adhere to that. The Court's going to ... use

that as the protocol to efficiently and effectively hear the issues in this day and a half case that's been set." Although the pre-trial order was a consideration, the court erred by focusing solely on the order in making its decision. Rather, the court should also have considered the factors relevant to exclusion of a witness.

### CONCLUSION

We hold that even in the face of a pre-trial order mandating the disclosure of a witness by a certain date, a trial judge is required to consider and evaluate the following factors before imposing the sanction of exclusion of a witness:

(1) the type of witness involved;

(2) the content of the evidence emanating from the proffered witness;

(3) the nature of the failure or neglect or refusal to furnish the witness' name;

(4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and

(5) the prejudice to the opposing party.

The record provides no indication that the trial judge adequately considered these factors when deciding to exclude the witness. Thus, the decision of the Family Court is

**REVERSED AND REMANDED.**

CONNOR and HOWARD, JJ., concur.