THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Brenda and
 Stephen Densmore, Appellants,
 
 
 

v.

 
 
 
 City of
 Greenville, Greenville Technical College, Warren Gilliard, K.M. Cox, and
 other John Doe Actors, Respondents.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

Unpublished Opinion No.  2011-UP-089  
 Submitted January 4, 2011  Filed March 4,
2011

AFFIRMED

 
 
 
 Candy Kern-Fuller, of Easley, for
 Appellants.
 N. Heyward Clarkson, III, and P.
 Christopher Smith, Jr., of Greenville; and Stephanie H. Burton, of Spartanburg,
 for Respondents.
 
 
 

PER CURIAM:  Brenda
 and Stephen Densmore (Appellants) appeal from the trial court's order granting
 partial summary judgment to the City of Greenville, Greenville Technical
 College, Warren Gilliard, K.M. Cox, and other John Doe Actors (collectively, Respondents)
 and the jury's verdict in favor of Respondents.  We affirm the trial court's
 orders granting summary judgment to Respondents and the trial court's rulings
 during the trial of Appellants' cause of action for assault and battery.[1]
1.  We find the trial court properly granted summary judgment to Respondents on the causes
 of action for intentional infliction of emotional distress, malicious
 prosecution, defamation, false imprisonment, conspiracy, negligence, and loss
 of consortium.  The trial court properly granted summary judgment to Respondents
 on the cause of action for intentional infliction of emotional distress because
 the South Carolina Tort Claims Act specifically excludes the cause of action.  See S.C. Code Ann. § 15-78-30(f) (2005).  The trial court correctly found
 Respondents were entitled to summary judgment on the cause of action for
 malicious prosecution because Appellants conceded the nolle prosequi precluded their malicious prosecution claim at the hearing on the
 motions for summary judgment.  Respondents were also entitled to summary
 judgment on the cause of action for defamation because the only evidence Appellants
 presented was an official police report explaining the circumstances resulting
 in the charge, and the report was privileged.[2]  See Murray v. Holnam, Inc., 344 S.C. 129, 140-41, 542 S.E.2d 743,
 749 (Ct. App. 2001) ("A communication made in good faith on any subject
 matter in which the person communicating has an interest or duty is qualifiedly
 privileged if made to a person with a corresponding interest or duty even
 though it contains matter which, without this privilege, would be actionable."); Cullum v. Dun & Bradstreet, Inc., 228 S.C. 384, 388-89, 90 S.E.2d
 370, 372 (1955) ("A communication thus qualifiedly privileged is not
 actionable, even though it contain[s] a charge of crime, unless malice in fact
 be shown" and defining malice in fact as when a person acts by ill will in
 what he does and says, "with the design to causelessly and wantonly injure"
 another person).  As to the cause of action for false imprisonment, the trial court
 properly found Respondents were entitled to summary judgment because Brenda
 admitted her guilt in her plea agreement, making the arrest lawful.  See McBride v. Sch. Dist. of Greenville Cnty., 389 S.C. 546, 567, 698 S.E.2d
 845, 856 (Ct. App. 2010) ("To prevail on a claim for false imprisonment,
 the plaintiff must establish: (1) the defendant restrained the plaintiff, (2)
 the restraint was intentional, and (3) the restraint was unlawful.").[3] 
 The trial court correctly found Respondents were entitled to summary judgment
 on the cause of action for conspiracy because there was no evidence that two or
 more persons joined for the purpose of injuring or causing special damage to Brenda.  See Cricket Cove Ventures, LLC v. Gilland, 390 S.C. 312, 324, 701
 S.E.2d 39, 46 (Ct. App. 2010)  (stating civil conspiracy consists of three
 elements: (1) a combination of two or more persons, (2) joining for the purpose
 of injuring the plaintiff, (3) which causes him special damage);  Pye v.
 Estate of Fox, 369 S.C. 555, 567, 633 S.E.2d 505, 511 (2006) (holding that to
 establish a conspiracy, the plaintiff must produce evidence, direct or
 circumstantial, from which a party may reasonably infer the joint assent of the
 minds of two or more parties to the prosecution of the enterprise).  The trial
 court appropriately determined Respondents were entitled to summary judgment on
 the cause of action for negligence because there was no evidence that any
 Greenville Tech employee had possession of or used a Taser in this case, and Appellants
 conceded at the hearing that the negligent entrustment issue did not apply to
 Greenville Tech or its employees.  Additionally, there was no evidence that
 Officer Cox improperly used the Taser or the City was negligent in its
 entrustment of the Taser to him.  See Nelson v. Piggly Wiggly
 Central, Inc., 390 S.C. 382, 391, 701 S.E.2d 776, 780 (Ct. App. 2010)
 (finding to establish a cause of action in negligence, a plaintiff must prove:
 "(1) the defendants owed her a duty of care; (2) the defendants breached
 that duty by a negligent act or omission; and (3) she suffered damage as a proximate
 result of that breach").  Finally, the court properly dismissed Stephen's
 claims for loss of consortium as defective because it found they were derived
 from Brenda's claims.  Because we find the court properly granted summary
 judgment on all of Brenda's causes of action except for assault and battery, we
 find the court was also correct in dismissing Stephen's claims.  
2.  We find the trial court properly determined
 Appellants had a full and fair opportunity to engage in discovery before
 granting the motions for summary judgment.  In Appellants' motion in
 opposition to Respondents' motion for summary judgment and during the hearing,
 Appellants requested ninety days to complete discovery under Rule 56(f), SCRCP,
 because the depositions of the individual officers were scheduled for
 mid-April.[4]  The trial court found Appellants had
 adequate time to participate in discovery, noting Appellants filed the case
 nearly eleven months prior to the hearing.  Appellants had not: (1) provided a good reason why eleven months
 was insufficient time under the facts of this case to develop documentation in
 opposition to Respondents' motions for summary judgment; (2) filed any
 affidavits explaining why they needed more time for discovery; (3) demonstrated
 a likelihood that further discovery would uncover additional evidence relevant
 to their causes of action; (4) served any discovery requests on Respondents at
 the time of the hearing; (5) filed a motion for continuance; or (6) shown they
 were not dilatory in seeking discovery.  In fact, Respondent Greenville Tech's
 motions to compel Appellants to respond to discovery requests demonstrate
 Appellants were dilatory.  See Baughman v. Am. Tel. & Tel. Co.,
 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) ("[S]ummary judgment must
 not be granted until the opposing party has had a full and fair opportunity to
 complete discovery."); Dawkins v. Fields, 354 S.C. 58, 69, 580
 S.E.2d 433, 439 (2003) (citations omitted) (finding the nonmoving party must
 demonstrate it is not merely engaged in a 'fishing expedition' by showing the
 likelihood that further discovery will uncover additional relevant evidence); Guinan
 v. Tenet Healthsystems of Hilton Head, Inc., 383 S.C. 48, 54-55, 677 S.E.2d
 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature
 because they have not been provided a full and fair opportunity to conduct
 discovery must advance a good reason why the time was insufficient under the
 facts of the case, and why further discovery would uncover additional relevant
 evidence and create a genuine issue of material fact."); Rule 56(f), SCRCP
 ("Should it appear from the affidavits of a party opposing the motion that
 he cannot for reasons stated present by affidavit facts essential to justify
 his opposition . . . the court . . . may order a continuance to permit . . .
 discovery to be had . . . .");  Doe v. Batson, 345 S.C. 316, 321,
 548 S.E.2d 854, 857 (2001) ("Thus, Rule 56(f) requires the party opposing
 summary judgment to at least present affidavits explaining why he needs more
 time for discovery."); but see Baughman, 306 S.C. at 112 n.4,
 410 S.E.2d at 544 n.4 (noting that although the plaintiff did not file an
 affidavit invoking Rule 56(f), other courts have not mandated strict compliance
 with the technical requirements of Rule 56(f) where the need for further
 discovery is otherwise made known to the trial court).
3. We find the trial court's denial of Appellants' motion in limine is not
 preserved.  Appellants filed a motion in limine pursuant to Rules 402 and 403,
 SCRE, seeking to exclude the testimony of several witnesses about Brenda's
 behavior inside the building because Appellants asserted the officers testified
 they had no knowledge of the acts that occurred inside the building at the time
 they detained and arrested Brenda.  However, Appellants did not
 contemporaneously object to the testimony when it was introduced at trial; therefore,
 this issue is not properly preserved for our review.[5]  See Parr v. Gaines, 309 S.C. 477, 481, 424 S.E.2d 515, 518 (Ct.
 App. 1992) (holding motions in limine are not final determinations of whether
 evidence will be admitted at trial, and if a motion in limine to exclude
 evidence is denied, a party must renew its objection when the evidence is
 presented during trial).   
4.  We find the trial court properly
 excluded the testimony of Appellants' expert.  Respondents filed motions in limine seeking to exclude the
 testimony of an expert witness whom Appellants intended to testify as to the
 standard of care Officer Cox should have used because Appellants did not
 identify the expert witness until August 22, 2008, and the trial was set for
 the week of September 8 or 15, 2008.  On appeal, Appellants argue the court
 failed to conduct the analysis required under Jumper v. Hawkins, 348
 S.C. 142, 558 S.E.2d 911 (Ct. App. 2001).  We find the trial court properly
 considered all the Jumper factors in making its decision to exclude
 Appellants' expert.  Before trial, the court heard Respondents'
 motions to exclude Appellants' expert.  Appellants' attorney stated the expert
 was an officer and a master instructor in Taser training.  The attorney
 explained the expert looked over the depositions and concurred with her
 assumption that two improper events had occurred during Brenda's arrest. 
 Appellants' attorney explained her delay in naming the expert was the result of
 her dealing with personal issues: (1) she was trying to resolve issues her
 former partner had with the Office of Disciplinary Counsel and (2) she had emergency
 surgery in April, was out of the office for two months, and only worked part
 time in July.  She explained she named the expert as soon as she had completed taking
 the officer's depositions, and the expert was able to review them.  Respondent
 Greenville Tech's attorney explained she was prejudiced because she was unable
 to identify an expert for her client, and Greenville Tech did not have a chance
 to depose Appellants' expert.  While Respondent City of Greenville was able to
 depose Appellants' expert prior to trial, it asserted the lack of notice of the
 designation of an expert witness prevented it from procuring its own expert
 witness.  See Jumper v. Hawkins, 348 S.C. at 152, 558 S.E.2d at
 916 (finding a trial judge should
 consider and evaluate the following factors before excluding a witness: "(1)
 the type of witness involved; (2) the content of the evidence emanating from
 the proffered witness; (3) the nature of the failure or neglect or refusal to
 furnish the witness' name; (4) the degree of surprise to the other party,
 including the prior knowledge of the name of the witness; and (5) the prejudice
 to the opposing party"); Arthur v. Sexton Dental Clinic, 368 S.C. 326, 339, 628 S.E.2d 894, 901 (Ct. App. 2006)
 (determining the court did not need to specifically enunciate the five Jumper factors if, based on a review of the record, it is apparent the judge
 considered the factors and made the appropriate inquiry before ultimately
 excluding the challenged witness).   
5. We find the trial court
 properly excluded Appellants from questioning the officers about section
 17-13-50 of the South Carolina Code.  On appeal, Appellants argue this
 was prejudicial to them because Brenda had the right to resist an unlawful
 arrest, and the officers violated the statute.  See S.C. Code Ann. §
 17-13-50 (2003) (providing "[a] person arrested by virtue of process or
 taken into custody by an officer in this State has a right to know from the
 officer who arrests or claims to detain him the true ground on which the arrest
 is made" and "[a]n officer who violates the provisions of this
 section is guilty of a felony and, upon conviction, must be fined in the
 discretion of the court or imprisoned not more than ten years, or both"). 
 During the summary judgment proceedings, Judge Patterson ruled the initial
 arrest was valid and dismissed the causes of action related to the arrest. 
 Also, during the trial for assault and battery, Judge Pyle found the statute
 was not relevant to whether Officers Gilliard and Cox committed the civil tort
 of assault and battery.

AFFIRMED.
FEW, C.J.,
 SHORT and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.  We affirm pursuant to Rule 220(b)(1), SCACR.
[2]  In her deposition, Brenda stated the police incident
 report was the only place she saw the allegation that the officer smelled
 alcohol on her breath.  She also said she did not have any proof that
 Respondents told a third party she had committed a criminal act.
[3]  Appellants now argue on appeal that Officer Gilliard
 violated section 17-13-50 of the South Carolina Code; however, this argument
 was not raised to the trial court until Appellants' Rule 59(e) motions.  Thus, this
 issue is not preserved for our review.  See Hickman v. Hickman, 301
 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use
 Rule 59(e) to present to the court an issue the party could have raised prior
 to judgment but did not."); McMillan v. S.C. Dep't of Agric., 364
 S.C. 60, 67, 611 S.E.2d 323, 327 (Ct. App. 2005) (finding issue not preserved
 because it cannot be raised for the first time in a motion to alter or
 amend.).
[4]  On
 appeal, Appellant's counsel states she fell ill in April 2008 and was unable to
 return to work until July 2008; however, this occurred after the March 20, 2008
 hearing on the motions for summary judgment and does not explain why Appellants
 were unable to complete their discovery prior to the hearing.  In addition,
 Appellants raise this for the first time on appeal; thus, it is not preserved
 for our review.  See Holy Loch Distribs., Inc. v. Hitchcock, 340
 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) ("In order to preserve an issue
 for appellate review, the issue must have been raised to and ruled upon by the
 trial court.").
[5]  Appellants failed to provide all the pages of the
 transcript, so it is impossible for this court to determine whether Appellants contemporaneously
 objected to the testimony when it was introduced at trial.  The Appellants bear
 the burden of providing a record on appeal sufficient for intelligent review.  Bonaparte
 v. Floyd, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987).  "In
 the absence of such a record, this issue cannot be considered on appeal."  Id.; see Rule 210(h), SCACR ("[T]he appellate court will not
 consider any fact which does not appear in the Record on Appeal.").