745 S.E.2d 142

Kristin A. BUSILLO, Respondent,

v.

CITY OF NORTH CHARLESTON, Appellant.

Appellate Case No. 2012–206986.
No. 5155.

Court of Appeals of South Carolina.

Heard Jan. 17, 2013.
Decided July 3, 2013.

Christopher Thomas Dorsel, Senn Legal, LLC, of Charleston, for Appellant.

Keith Edward Robinson, Law Offices of William A. Green, of North Charleston, for Respondent.

FEW, C.J.

Kristin Busillo won a jury verdict of $16,500.00 for damages arising out of an automobile accident with a City of North Charleston police officer. The city argues on appeal that the trial court erred in making two evidentiary rulings and in not using a special verdict form. We affirm.

## I. Facts and Procedural History

Officer Ryan Terrell attempted a U-turn after a traffic stop and collided with a vehicle driven by Busillo. Busillo filed a claim for property damage with the city's insurance company. An arbitration panel ruled the city was responsible for $4,184.70 in repairs to Busillo's vehicle and for the cost of a rental car.

Busillo also filed this action in circuit court. At trial, she submitted evidence of bodily injuries and medical costs. She also submitted evidence of property damage to her car. This

evidence included a summary of expenses showing $6,034.70 in property damage, and the testimony of an expert witness, Frank Troy, who testified to the extent of the depreciation to Busillo's vehicle caused by the wreck. Following the charge to the jury but before the jury began deliberations, the city asked the trial court to consider using a special verdict form. The court denied this request. After the jury returned a verdict for Busillo, the trial court applied the arbitration award as a setoff against the verdict, but denied the city's motions for a new trial and judgment notwithstanding the verdict.

## II. The Expert on Depreciation—Issue Preservation

■ The city argues on appeal that the trial court erred in admitting the testimony of Frank Troy. Specifically, the city argues the trial court abused its discretion by (1) not "consider[ing] that the type of witness and content of the witness's testimony were not disclosed until the day of trial," (2) not "inquir[ing] into [Busillo's] excuse for [her] Rule 33(b) [SCRCP] violation," and (3) not "consider[ing] the surprise and prejudice to [the city]." The first of these arguments was not adequately presented to the trial court, and the second and third were not presented to the trial court at all. Therefore, we find the city's arguments are not preserved for appellate review. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating "an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review"); *Armstrong v. Collins,* 366 S.C. 204, 225, 621 S.E.2d 368, 378 (Ct.App.2005) (stating "[b]ecause this argument was not presented to the trial court.... the matter is not preserved and we decline to address it").

During a pretrial hearing, the city's lawyer stated, "The ... last thing we have is our second motion in limine ... to exclude any testimony of Frank Troy." The trial court responded, "Who is that?" and the city's lawyer stated, "He was never listed in discovery." The court said, "Oh, this is the depreciation guy," and the city responded, "Yeah, a fact witness or an expert witness." The trial court stated it would "probably" let Busillo introduce Troy's testimony. The court then stated, "Let's just see how nimble you are on your feet."

The city responded, "Very good, your Honor," and asked if the trial court intended to apply the arbitration award as a setoff. The court indicated it would, "somehow or another," but that it would think about the issue during trial. Nothing further was mentioned regarding Troy before the trial began.

When Busillo called Troy to testify, the trial court acknowledged the city's pretrial objection by stating, "Now, this is over your objection." During Troy's testimony, he was asked "what was your determination regarding the depreciation on Ms. Busillo's vehicle due to this automobile collision?" At that point, the city's lawyer stated only, "Objection," but offered no grounds for the objection and did not reference his pretrial motion. The trial court overruled the objection without reference to any basis on which the objection was made. The city made no other objections during Troy's testimony.

The mere statement "objection" during a witness's testimony does not preserve any argument for appeal because such a general statement does not bring the specific grounds for the objection to the attention of the trial court. *See* Rule 103(a)(1), SCRE ("Error may not be predicated upon a ruling which admits ... evidence unless ... a timely objection or motion to strike appears of record, stating the *specific* ground of objection...." (emphasis added)); *State v. Byers,* 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made ... with sufficient specificity to inform the circuit court judge of the point being urged by the objector."); *Wilder Corp.,* 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n objection must be sufficiently specific to inform the trial court of the point....").

It is possible, however, that the context of the proceeding may make the specific ground for the objection sufficiently apparent to the trial court so that a general statement such as "objection" is enough to preserve an argument for appeal. *See* Rule 103(a)(1) (stating the requirement of "stating the specific ground of objection" applies "if the specific ground was not apparent from the context"); *Byers,* 392 S.C. at 446, 710 S.E.2d at 59 (stating "to be preserved, the objection must include a specific ground 'if the specific ground was not apparent from the context' "(quoting Rule 103(a)(1))). Because the trial court acknowledged the city's pretrial objection,

we look back to that discussion as part of the context from which the trial court could have understood any specific ground for the city's objection.[1]

We find the grounds the city now argues on appeal were not apparent to the trial court from the context of the proceedings, including the pretrial hearing. Not only was the statement "objection" insufficient to preserve any issue, the city's statements in the pretrial hearing also were not sufficiently specific. Of the three arguments the city makes on appeal, the only one even remotely presented to the trial court in the pretrial hearing was the first—that Troy "was never listed in discovery." However, the city (1) never indicated it served discovery on Busillo, (2) never identified which interrogatory Busillo supposedly did not answer, (3) never argued Busillo's failure to respond was intentional or willful, (4) never provided the court any basis for finding a Rule 33(b) violation,[2] (5) never addressed any of the factors our courts have set out for considering the admissibility of testimony of a witness not named in discovery,[3] and (6) never explained any basis on which the trial court could conclude the city was prejudiced by the late disclosure. Nor were any of these points apparent to the trial court during the pretrial hearing. Thus, the city did not provide the trial court any basis in the pretrial hearing on which the court could have excluded Troy's testimony for a discovery violation. Under these circumstances, even the pretrial objection was not "made . . . with sufficient specificity

1. There is no written motion in the record.

2. Standard interrogatory 6 in Rule 33(b) would have required Busillo to list Troy as a witness. However, the standard interrogatories must be served before any obligation arises to answer them. *See* Rule 33(b), SCRCP (stating "the following standard interrogatories may be served by one party upon another"). The city's brief also does not cite any discovery questions served on Busillo or any circumstances of her alleged failure to answer. Even if the city did serve standard interrogatory 6 or some similar discovery question, the important fact here is that the city did not inform the trial court that it did, or of any circumstances of a failure to answer. Thus, the city did not give the trial court in the pretrial hearing a basis for finding that Busillo's alleged failure to answer required Troy's testimony to be excluded.

3. *See Jenkins v. Few*, 391 S.C. 209, 219, 705 S.E.2d 457, 462 (Ct.App. 2010) (discussing factors a trial court should consider before excluding a witness not named in discovery).

to inform the circuit court judge of the point." *Byers,* 392 S.C. at 444, 710 S.E.2d at 58.

Because none of the city's arguments on appeal as to the admissibility of Troy's testimony were properly raised to the trial court, the arguments are not preserved for appellate review.

### III.  Evidence of Property Damage

█ The city also argues the trial court erred in admitting "evidence about [Busillo's] property damage" because "[t]hese damages had been resolved prior to trial." During Busillo's testimony, she offered into evidence an exhibit entitled "Expenses for Kristin Busillo." The exhibit summarized the damages Busillo claimed, breaking out "Property Damage" and "Medical Damages" in separate categories. Under the category of property damage, the exhibit read:

| *Property Damage* | |
| --- | --- |
| Depreciation | $1,850.00 |
| Repairs | $3,677.89 |
| Rental Vehicle | $ 506.81 |
| **Total PD Expenses** | **$6,034.70** |

The city objected under Rules 402 and 403, SCRE, arguing the city's previous payment of the repair and rental car bills made property damages "not a proper element of damages."

Like the objection to Troy's testimony, this objection was stated generally and imprecisely. We find, however, that it is preserved for appeal because the transcript reveals the trial court understood the nature of the objection and thus "the specific ground was ... apparent from the context" under Rule 103(a)(1).

█ The admission of evidence is within the discretion of the trial court, and the court's decision will not be reversed on appeal absent an abuse of that discretion. *Weaver v. Lentz,* 348 S.C. 672, 683, 561 S.E.2d 360, 366 (Ct.App.2002). "The trial court ... has wide discretion in determining the relevancy of evidence...." *Davis v. Traylor,* 340 S.C. 150, 155, 530 S.E.2d 385, 387 (Ct.App.2000). Similarly, a trial court has particularly wide discretion in ruling on Rule 403 objections. *See State v. Adams,* 354 S.C. 361, 378, 580 S.E.2d 785, 794

(Ct.App.2003) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances. We ... are obligated to give great deference to the trial court's judgment [regarding Rule 403]." (internal citation omitted)). We agree with the city that the pretrial resolution of the property damages claim rendered the evidence less probative. The trial judge nevertheless determined the evidence was relevant and had probative value because the evidence assisted the jury in understanding the severity of the collision. We find that determination to be within the discretion of the trial court.

We also find the evidence created no danger of unfair prejudice or confusion of the issues. *See State v. Gilchrist,* 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct.App.1998) (stating unfair prejudice "refers to evidence which tends to suggest decision on an improper basis" (citation and quotation marks omitted)). The city's only argument of unfair prejudice was that admitting evidence of property damage allowed a double recovery. The trial court eliminated that concern when it applied the arbitrator's award against the verdict as a setoff. The city also argued admitting the evidence "would lead to jury confusion." The trial court engaged in a lengthy discussion with counsel to understand the potential for jury confusion. Ultimately, the court decided that allowing the jury to consider the evidence and then applying the arbitration award as a setoff against any verdict would simplify, rather than confuse, the issues. We find the trial court properly exercised its discretion and acted within it to admit the evidence.

## IV. Special Verdict Form

When the city requested a special verdict form, the trial court stated, "I think mine covers it along with my instructions," and denied the request. We affirm the trial court's decision not to use the special verdict form pursuant to Rule 220(b)(1), SCACR, and the following authority: *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.,* 372 S.C. 295, 300, 641 S.E.2d 903, 906 (2007) ("The determination of whether a special verdict should be submitted to the jury is within the

sound discretion of the trial judge, and an appellate court will only reverse upon a finding of an abuse of that discretion.").

**AFFIRMED.**

GEATHERS, J., concurs.

WILLIAMS, J., dissenting.

I respectfully dissent. I believe the city's argument regarding the admission of testimony of Frank Troy, an undisclosed witness, was properly preserved for appeal. Further, I would find that the trial court erred in failing to inquire into the necessary factors before admitting the undisclosed witness's testimony. *See Callen v. Callen,* 365 S.C. 618, 627, 620 S.E.2d 59, 63–64 (2005) (finding the trial court is under a duty, when the situation arises, to delay the trial for the purpose of ascertaining information relating to the factors used to determine whether an undisclosed witness should be excluded).

In *Jumper v. Hawkins,* 348 S.C. 142, 558 S.E.2d 911 (Ct.App.2001), this court enunciated five factors that a trial court must consider before imposing the sanction of excluding a witness not disclosed in discovery. The *Jumper* factors are "(1) the type of witness involved; (2) the content of the evidence emanating from the proffered witness; (3) the nature of the failure or neglect or refusal to furnish the witness' name; (4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and (5) the prejudice to the opposing party." *Id.* at 152, 558 S.E.2d at 916. "[T]he trial court is under a duty, when the situation arises, to delay the trial for the purpose of ascertaining [information relating to the *Jumper* factors]." *Laney v. Hefley,* 262 S.C. 54, 59, 202 S.E.2d 12, 14 (1974) (quoting with approval *Wright v. Royse,* 43 Ill.App.2d 267, 288, 193 N.E.2d 340, 350 (1963)). "After inquiring, the [trial] court has discretion whether to admit or exclude the testimony." *Callen,* 365 S.C. at 627, 620 S.E.2d at 64. Failing to inquire into the *Jumper* factors before admitting the testimony of an undisclosed witness amounts to a failure to exercise discretion and requires reversal and a new trial. *Id.* (reversing and requiring a new hearing when the "family court failed to make the inquiry required under *Laney* and *Jumper* and [thereby] failed to exercise its discretion"); *see also Fontaine v. Peitz,*

291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("When the trial [court] is vested with discretion, but [its] ruling reveals no discretion was, in fact, exercised, an error of law has occurred.").

In the instant action, the city argues the trial court erred in failing to consider the *Jumper* factors before allowing Troy to testify.[4] At the pretrial hearing, the city began its argument to exclude Troy's testimony, but was immediately interrupted by the trial court asking, "Who is that?" The city continued to state that Troy "was never listed in discovery." Again, the trial court interrupted and stated, "Oh, this is the depreciation guy?" The city replied, "Yeah, a fact witness or an expert witness ..."[5] The trial court interrupted for a third time and stated twice that it would "probably let him do that," indicating that Troy would be allowed to testify and the city's motion to exclude was being denied. When Troy was called to testify during trial, the court stated to the city, "Now, this is over your objection. Over your objection."

I believe the city's actions at trial are sufficient to preserve this issue for appeal. The conversation during the pre-trial conference, while brief, conveyed the necessary information to sufficiently preserve the city's objection. Based upon its responses to the city's argument, the trial court exhibited familiarity with Troy and the nature of his testimony. While the city's argument to exclude Troy was very limited, it conveyed the crucial point that Troy was "never listed in discovery." Upon learning of an undisclosed witness, the trial

---

4. The majority frames the city's argument regarding the testimony of the undisclosed witness as three separate arguments on appeal: (1) not "consider[ing] that the type of witness and content of the witness's testimony were not disclosed until the day of trial," (2) not "inquir[ing] into [Busillo's] excuse for [her] Rule 33(b) [SCRCP] violation," and (3) not "consider[ing] the surprise and prejudice to [the city]." In its brief, the city specifically highlights these three factors, which it contends the trial court failed to consider before making its decision. However, reading the argument section as a whole, including the city's numerous citations to and discussion of *Jumper,* it is clear the city is arguing the trial court failed to address the *Jumper* factors before allowing Busillo's undisclosed witness to testify.

5. The first of the five *Jumper* factors is "the type of witness involved" and concerns whether the undisclosed witness is a fact witness or an expert witness.

court is "under a duty ... to delay the trial for the purpose of ascertaining [information relating to the *Jumper* factors]." *Callen*, 365 S.C. at 627, 620 S.E.2d at 63–64 (quoting *Laney*, 262 S.C. at 59–60, 202 S.E.2d at 14).

Further, any inadequacy that the majority finds with the sufficiency of the city's objection is a direct result of the trial court's repeated interruption of the city's argument. Thus, the city's failure to elaborate or explain its position or the relevant South Carolina law should not preclude this court from considering the underlying issue. *See State v. Ross*, 272 S.C. 56, 60, 249 S.E.2d 159, 161 (1978) (declining to hold that counsel "must try to speak over [a judge]" in order to preserve an objection when the judge interrupts the attempted explanation of that objection); *see also Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 333, 730 S.E.2d 282, 287 (2012) (Toal, C.J., dissenting) ("[W]here the question of preservation is subject to multiple interpretations, any doubt should be resolved in favor of preservation.").

Additionally, I do not believe the city's failure to make a contemporaneous objection renders this issue unpreserved. As Troy was called to testify at trial, the trial court stated to the city, "Now, this is over your objection." With this statement, the trial court renewed its holding from the pretrial hearing. Accordingly, the city did not need to renew its motion to exclude Troy's testimony. *See Fettler v. Gentner*, 396 S.C. 461, 469, 722 S.E.2d 26, 31 (Ct.App.2012) ("This [c]ourt does not require parties to engage in futile actions in order to preserve issues for appellate review."); Rule 43(i), SCRCP ("Counsel shall not attempt to further argue any matter after he has been heard and the ruling of the court has been pronounced.").

On the merits of this issue, I believe the trial court erred in failing to inquire into the five *Jumper* factors before allowing Troy to testify. The record is void of inquiry into any these factors. Accordingly, I would reverse and remand for a new trial. *See Callen*, 365 S.C. at 627, 620 S.E.2d at 64 (reversing and requiring a new hearing when the "family court failed to make the inquiry required under ... *Jumper* and [thereby] failed to exercise its discretion").