ADAMS & BURKE COMPANY ET AL., APPELLANTS, V. JAMES E. COOK ET AL., APPELLEES.

FILED NOVEMBER 19, 1908. No. 15,378.

1. **Parent and Child: EMANCIPATION: EVIDENCE.** The emancipation of a child by his parent may be proved by circumstantial evidence, or by an express agreement, or implied from the conduct of the parties. It is insufficient for a litigant to testify to the conclusion that he had been emancipated when that question is directly in issue.

2. **Witnesses: CROSS-EXAMINATION OF FRAUDULENT GRANTEE.** On the cross-examination of an alleged fraudulent grantee of land purchased with the debtor's funds, the creditor is entitled to inquire with considerable latitude to ascertain whether or not the grantee was controlled by the debtor in making the purchase.

3. **Appeal: EVIDENCE: HARMLESS ERROR.** Errors in the admission of defendant's evidence in the trial of a creditor's bill is without prejudice as against a creditor who has failed to establish that his debt was in existence at the time of the alleged fraudulent transfer, or that the transfer was made in contemplation of the indebtedness.

APPEAL from the district court for Rock county. JAMES J. HARRINGTON, JUDGE. *Reversed.*

*Flickinger Bros.* and *W. L. Smith,* for appellants.

*J. A. Douglass, contra.*

EPPERSON, C.

The plaintiffs, who are judgment creditors of the defendant James E. Cook, instituted this action for the purpose of reaching and subjecting to the payment of their

judgments several tracts of land in Rock county. The plaintiffs allege that said several tracts of land were purchased with the money of James E. Cook and the title thereto placed in the name of his son, Elton Cook, for the purpose of hindering and defrauding plaintiffs. The evidence shows that the defendant, Elton Cook, reached the age of 21 years March 28, 1900; that for about two years immediately preceding that date he was employed by Cook & Son, a firm composed of his father and brother, doing business in Onawa, Iowa. This firm suspended business in April, 1900, and at that time James E. Cook conveyed to Elton certain business property in Onawa of the value of $1,200 dollars; the consideration therefor, as claimed by defendants, was the cancelation of a debt of $964 owing to Elton by the firm in part for wages and in part for money loaned. Elton secured a loan of $750 by giving a mortgage upon the Onawa property, and with this fund purchased 160 acres of the land here in controversy. In addition to the $750, he gave a mortgage on the land for $250, the remainder of the purchase price. The defense relied upon was that Elton was emancipated when he earned the wages which entered into the consideration for the Onawa property transferred to him soon after he reached his majority. The father was insolvent at the time of this transfer, and was indebted to one of the plaintiffs herein. Under such circumstances, the burden is upon the defendants to prove by clear and satisfactory evidence the *bona fides* of the transfer. Defendants prevailed in the court below, and plaintiffs appealed. There are numerous assignments of error, which we have examined, none of which, however, we can sustain except as hereinafter indicated.

For the purpose of proving that defendant Elton Cook had been emancipated, he was permitted over objection to testify as follows: "Q. Had you been emancipated by your father; that is, you were to have your own time and your own wages prior to the time you became of age? A. Yes, sir. Q. You may state about when you received

your emancipation? A. Well, about 1895 or 1896." Continuing with similar questions, counsel assumed that the boy had been emancipated. The result of this suit depends upon whether or not he was emancipated. This fact must be proved by competent evidence, and it is insufficient for the witness to testify to the conclusion. An emancipation of a child by his parents may be proved by circumstantial evidence, or by an express agreement, or implied from the conduct of the parties. *Bristor v. Chicago & N. W. R. Co.*, 128 Ia. 479. It was held by this court that emancipation may be implied from circumstances. *Clemens v. Brillhart*, 17 Neb. 335. In *Taubert v. Taubert*, 103 Minn. 247, it was held that an issue as to the plaintiff's emancipation was a question of fact under the evidence, and in the opinion we find the following: "A mere waiver, however, by the parent of the right to the earnings of his minor child does not alone constitute such emancipation. There must be a surrender by the parent of the right to the services of his minor child, and also the right to the custody and control of his person." In the interrogatory first above quoted, it is true that some of the facts which go to show an emancipation were embodied in the question and answered in the affirmative by the witness. But that was a leading question and objected to as such. It was insufficient to prove the fact. It is also true that additional evidence was given showing that, upon the books of Cook & Son, Elton Cook was allowed wages, but this evidence under the circumstances of this case is consistent with the plaintiffs' theory that he had not been emancipated. His father, being a member of the firm, was entitled to credit for the value of his services, had he not been emancipated, as against the other member of the firm, who had no interest in the boy's earnings. It is not established to our satisfaction that Elton had been emancipated.

On cross-examination plaintiffs were refused an answer to the question: "Who suggested that you come out here (to Rock county) to buy land?" This also was error.

The plaintiffs had a right to inquire into the conduct of the defendants which led up to the purchase of the property in controversy, and to ascertain whether or not in the investment of the funds the alleged fraudulent grantee was acting upon his own judgment or was controlled by his father. As to the manner of inquiry on cross-examination, the plaintiffs should be allowed considerable latitude. The evidence clearly establishes that the land in controversy, other than the 160 acres first purchased and above specifically referred to, was procured by Elton either upon his credit or with his own funds which were not derived directly or indirectly from his father or brother. The evidence failed to show that at the time of the purchase of the 160 acres the indebtedness of plaintiff, Adams & Burke Co., was in existence. Nor is it shown that the transfer of the Iowa property or the purchase of the 160 acres was made in contemplation of such indebtedness. As to said plaintiff, there is no prejudicial error in the record, for the reason that it failed to show that it had a cause of action against the defendants, and as to it the judgment could not have been otherwise than as it was. As to the plaintiff, the Minneapolis Threshing Machine Company, the errors above indicated were prejudicial, and we recommend that the judgment of the district court be reversed and this cause remanded for further proceedings.

DUFFIE, C., concurs.

GOOD, C., not sitting.

By the Court: For the reasons in the foregoing opinion, the judgment of the district court is reversed and this cause remanded for further proceedings.

REVERSED.