## 20374

Claude W. TIMMERMAN, Respondent, v. Charlie M. BROWN, Appellant.

(233 S. E. (2d) 106)

*J. P. Anderson, Jr., Esq.,* of Greenwood, *for Appellant,*

Respondent not represented by Counsel.

March 3, 1977.

GREGORY, Justice:

Brown appeals from an order of the family court making him pay medical expenses incurred by his daughter. At issue is whether the daughter was emancipated. Finding she was, we reverse.

Barbara Brown lived with her father near Greenwood, South Carolina, until August of 1974. Brown paid the tuition and fees for her to enroll as a boarding student at Lander College in the fall of 1974, but she dropped out before the end of the semester. She announced to her father, both orally and by letter, that she did not intend to return to his home and was going to make her own way. Brown agreed with her decision and did not attempt in any way to make her return to his home.

After living for two weeks with three other young people, she moved in with the Timmermans (an aunt and uncle), near Greenwood, South Carolina. The uncle is the respondent in this action. She worked briefly and then enrolled at Piedmont Technical College. Barbara became 18 years old in March, 1975, and incurred the medical expenses in September of 1975.

From 1970 to late 1974 Brown received $125.00 per month social security payments on behalf of Barbara. Bar-

bara thereafter received these payments directly. The trial judge found that she is entitled to receive them while attending Piedmont Technical College.

Although living in close proximity, father and daughter did not see, or attempt to see, each other from the fall of 1974 until the time of the hearing in the fall of 1975.

Appellant argues that: (1) Barbara became emancipated by leaving home, he concurring, with the announced intention of not returning; and (2) he, Brown, is absolved from paying the expenses by Act Number 15 of the 1975 Acts (ratifying the constitutional amendment, Article 17, Section 14).

Emancipation of a minor child is effected primarily by agreement of the parent, although acts of the child are to be considered. *Parker v. Parker,* 230 S. C. 28, 94 S. E. (2d) 12 (1956); *see also* 59 Am. Jur. (2d), Parent and Child, §§ 93, 95. Whether a child has been emancipated depends on the facts and circumstances of each case. *Parker v. Parker, supra.*

We find the father and daughter in this case agreed to Barbara leaving home, and effected her complete emancipation. Therefore, Brown is not responsible for his daughter's expenses and debts. *Parker v. Parker, supra.*

Because of our conclusion that Barbara was emancipated, we do not reach appellant's second argument.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.