ACCENT SERVICE COMPANY, INC., APPELLEE, V.
VIOLET EBSEN, APPELLANT.

306 N.W.2d 575

Filed June 5, 1981.   No. 43353.

Frank Roubicek for appellant.

No appearance for appellee Accent.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and VAN PELT and CAPORALE, District Judges.

VAN PELT, District Judge.

This is an appeal from a $2,555.01 judgment of the District Court of Knox County, Nebraska, entered in favor of the plaintiff-appellee, as assignee, against the defendant-appellant for hospital expenses incurred by defendant's son. The District Court, in affirming the judgment of the county court, found that the evidence was insufficient to establish emancipation by the minor, and that the evidence did establish a contractual liability on the part of the defendant to pay for her son's medical services.

Appellant's first assignment of error is that the trial court erred in finding that there was insufficient evidence of a complete emancipation. Violet Ebsen, a widow, and her 18-year-old son, Dwaine, lived together until approximately December 1976. Dwaine then began associating and staying overnight with people his mother did not like and of whom she did not approve. Arguments over his associations and conduct took place in December of 1976 and in January of 1977. As a result of one such argument, on February 1, 1977, Dwaine took his personal belongings and moved from his mother's home in Verdigre, Nebraska, to Orchard, Nebraska. Both the mother and son agreed that he should move out and support himself. After moving out, Dwaine received no further support from his mother. On February 24, 1977, while still living in Orchard, Dwaine was shot and taken to a hospital in Norfolk, Nebraska. There, the hospital expenses were incurred that are the subject of this litigation. After being hospitalized for 2 weeks, Dwaine returned to his mother's home for 3 days and then left. He has been self-supporting and has not returned to his mother's home since leaving.

Whether Dwaine Ebsen was emancipated at the time of his hospitalization is relevant, since the complete emancipation of a child relieves the parent from liability to those who furnish necessaries of life to that child. *Brosius v. Barker*, 154 Mo. App. 657, 136 S.W. 18 (1911); *Timmerman v. Brown*, 268 S.C. 303, 233 S.E.2d 106 (1977); *Poudre Valley Hospital District v. Heckart*, 491 P.2d 984 (Colo. App. 1971).

The emancipation of a child by a parent may be proved by circumstantial evidence or by an express agreement, or implied from the conduct of the parties. *Adams & Burke Co. v. Cook*, 82 Neb. 684, 118 N.W. 662 (1908). Although this court has not had an occasion to discuss the factors to be considered in determining whether a minor has become emancipated, they were recently analyzed in Annot., 98 A.L.R. 3d 334, 335-36 (1980): "In general, even in the absence of statute, parents are under a legal as well as a moral obligation to support, maintain, and care for their children, the basis of such a duty resting not only upon the fact of the parent-child relationship, but also upon the interest of the state as parens patriae of children and of the community at large in preventing them from becoming a public burden. However, various voluntary acts of a child, such as marriage or enlistment in military service, have been held to terminate the parent's obligation of support, the issue generally being considered by the courts in terms of whether an emancipation of the child has been effectuated. In those cases involving the issue of whether a parent is obligated to support an unmarried minor child who has voluntarily left home without the consent of the parent, the courts, in actions to compel support from the parent, have uniformly held that such conduct on the part of the child terminated the support obligation.

"Correlative to a parent's obligation of support and maintenance of a minor child is the liability of a parent to others who have performed the support obligation

for the parent by furnishing the child with necessaries. Generally, a parent's liability for necessaries furnished a minor child will depend on a variety of circumstances, but it appears clear that no liability exists where the parent has been ready and willing at all times to supply necessaries himself and to otherwise fulfill his obligation to support the child. Thus, it has been held that a parent was not liable to a third person furnishing necessaries to an unmarried minor child while voluntarily living apart from the parent with consent, the courts concluding that in such a case the parent was under no obligation to support the child and that the child carried with him no authority to bind the parent for the necessaries furnished. However, a parent has been held liable for necessaries furnished his unmarried minor child by a third person while the child was living apart from the parent without consent, where there was evidence that the parent authorized the sale of the goods to the child."

Where a child departed from the family home and the parent consented to the departure, the child was found to be emancipated in *Holland v. Hartley*, 171 N.C. 376, 88 S.E. 507 (1916); in *Poudre Valley Hospital District v. Heckart, supra;* and in *Timmerman v. Brown*, 268 S.C. 303, 233 S.E.2d 106 (1977).

In the instant case, after several months of arguing and the defendant in effect telling her son to either change his behavior or move out, he left his mother's home with her consent. From that time until the hospital expense was incurred, he furnished his own support and received nothing from his mother. Under these facts, Dwaine Ebsen became emancipated, and his mother became relieved of liability to those furnishing him necessaries.

Appellant's second assignment of error is that the trial court erred in finding that there was evidence of a contractual agreement by the defendant to pay her son's hospital expenses. If such an agreement existed, defendant would be liable, regardless of her

son's emancipation, under general principles of contract law.

The county court was unable to make a finding that there was or was not a contractual agreement, but entered judgment for the plaintiff on the basis that Dwaine Ebsen was not emancipated. The District Court affirmed the judgment of the county court, with the following additional finding: "3. That Defendant authorized Plaintiff's assignor to furnish medical services of an emergency nature to her minor son, Dwaine Ebsen, orally and by the execution of Exhibit '3' in writing, immediately prior to the furnishing of the first of said services."

Exhibit 3, referred to, is a consent to operation, anesthetics, and other medical services. This document contains no language of a promise, express or implied, to pay for the services. Lucille Loberg, the hospital employee who was present when the defendant signed exhibit 3, testified that normally the hospital uses another document which specifies how the bill is to be paid. However, no such document signed by the defendant was ever produced or received in evidence.

Nor does the record reveal any oral promise to pay the hospital expenses. The closest testimony to such a promise was in the county court, where the defendant, under examination by the plaintiff's attorney, stated that by signing exhibit 3 she wanted her son attended to and wanted him to stay alive. Under examination by her own attorney, she testified that at no time did she say anything to anyone at the hospital that she could or would pay the bill. Plaintiff has the burden of proving any oral or written agreement by a preponderance of the evidence. There is no such evidence in the record.

It should be noted that as to both assignments of error it is difficult to ascertain the plaintiff's exact position, since it filed no brief in this court and did not appear at oral argument. For the reasons set forth above, the order and judgment of the District Court

are reversed, and the cause is remanded with directions to dismiss plaintiff's petition and cause of action, at plaintiff's costs.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.