## IN RE PETITION OF ANONYMOUS 2, A MINOR.

570 N.W. 2d 836

Filed December 12, 1997.    No. S-33-970027.

Lisa C. Lewis for petitioner.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

This proceeding was instituted under the provisions of Neb. Rev. Stat. § 71-6901 et seq. (Reissue 1996) by a pregnant 15-year-old seeking authorization for her physician to perform an abortion upon her without parental consent. The district court denied the minor's request and held that the "Petitioner is

not a mature minor and is not capable of giving informed consent to the proposed abortion . . . ." This court affirms the decision of the district court.

## STANDARD OF REVIEW

Section 71-6904(6) provides that we hear this appeal de novo on the record. Accordingly, we reappraise the evidence as presented by the record and reach our own independent conclusions with respect to the matters at issue. However, we consider, and may give weight to, the fact that the judge below heard and observed the witnesses. *In re Petition of Anonymous 1*, 251 Neb. 424, 558 N.W.2d 784 (1997).

## FACTS

Anonymous 2 is a 15-year-old resident of Iowa who lives with her mother and younger sibling. She has little contact with her biological father and testified that her parents divorced when she was 2 or 3 years old. She does not want to tell her mother that she is pregnant and seeks an abortion without parental notification. Anonymous 2 believes that because her mother currently suffers from severe depression, she would not be able to cope with Anonymous 2's pregnancy or her desire for an abortion.

Anonymous 2 discovered that she was pregnant after taking a home pregnancy test and then went to a Planned Parenthood clinic in Iowa. The Iowa clinic referred her to Planned Parenthood in Omaha, Nebraska.

At the Omaha Planned Parenthood clinic, Anonymous 2 reviewed pamphlets and booklets on abortion and adoption and spoke with counselors about her situation. After considering her options, Anonymous 2 decided that she wanted an abortion. She testified that she is not financially able to support a child. She also noted that she did not want to put her child up for adoption because she would have trouble parting with a child after carrying it to term and would be concerned about the type of life the child would have with adoptive parents.

It appears that after Anonymous 2 expressed an interest in having an abortion, Planned Parenthood directed Anonymous 2 to listen to an audio recording which explained the abortion procedure. Planned Parenthood then gave her an opportunity to

ask questions about the recording. However, it is not clear that Anonymous 2 did in fact ask any questions about the abortion procedure or whether she was given any additional information.

At trial, Anonymous 2 was able to explain approximately how long the abortion would take and what would be done to her. She testified that the doctors "are going to use a local anesthetic and it's going to dilate the cervix . . . and then they have to scrape out everything and flush it out . . . ." She was also aware of what symptoms the doctors told her to look for as signs of complication. She testified that she was to look for "bleeding, fever, [or] anything abnormal." However, when asked to explain the risks associated with having an abortion, Anonymous 2 was unable to list or explain any of the risks.

When asked to state her personal philosophy about abortion, she responded as follows: "I think abortion should be a personal choice if that's what the person feels would be their best option." Her boyfriend of 1 year knows of her choice to have an abortion and supports her decision, both financially and emotionally.

Anonymous 2 is currently a sophomore in high school and receives good grades. She is not presently employed, but has worked during the summers. She saved money from her summer job to pay for part of her abortion, and she earns money babysitting.

The district court found that Anonymous 2 was not a mature minor and was not capable of giving consent to the proposed abortion and that it was not in her best interests for the physician to perform the proposed abortion upon her without prior notification to one or both of her parents or guardian. Therefore, the court denied her request for the proposed abortion without prior notification. Anonymous 2 appeals the district court's decision to this court pursuant to her right under § 71-6904.

## ANALYSIS

Under § 71-6903, the court may authorize an abortion without parental notification if it determines that the pregnant woman is mature and capable of giving informed consent to the proposed abortion or if it determines that the performance of an abortion without notification would be in her best interests. In a

proceeding brought under the provisions of § 71-6901 et seq., the burden of proof on all issues rests with the pregnant woman, and such burden must be established by clear and convincing evidence. *In re Petition of Anonymous 1*, 251 Neb. 424, 558 N.W.2d 784 (1997). Pursuant to § 71- 6904(6), we review the denial of such an order de novo on the record, but we may consider and give weight to the fact that the judge below heard and observed the witnesses. *Id.*

This court, in *In re Petition of Anonymous 1*, 251 Neb. at 428, 558 N.W.2d at 787, noted that "[m]aturity is 'difficult to define, let alone determine . . . .'" However, we agreed with other courts that maturity may be measured by examining the minor's experience, perspective, and judgment. Relying on *H__ B__ v. Wilkinson*, 639 F. Supp. 952 (D. Utah 1986), we adopted a list of suggested criteria as appropriate guideposts in examining experience, perspective, and judgment.

We explained in *In re Petition of Anonymous 1* that a minor's experience could be determined by looking at the minor's prior work experience and the minor's experience in living away from home and handling personal finances. We held that a minor's perspective can be evaluated by looking " 'for appreciation and understanding of the relative gravity and possible detrimental impact of each available option, as well as realistic perception and assessment of possible short term and long term consequences of each of those options . . . .'" 251 Neb. at 429, 558 N.W.2d at 788. Finally, with regard to the minor's judgment, we noted that the " 'exercise of good judgment requires being fully informed so as to be able to weigh alternatives independently and realistically.' " *Id.*

In *In re Petition of Anonymous 1*, we concluded that the minor failed to sustain her burden of proving by clear and convincing evidence that she was mature within the meaning of § 71-6903(1). In so holding, we noted that the minor lived with her parents, had never lived on her own, and had never handled her personal finances or held employment other than a summer job detasseling corn. Also, the minor's testimony failed to show that the minor understood the gravity and impact of the parenting or the adoption option or that she appreciated the short- and long-term consequences of her desire to seek an abortion.

Finally, we were concerned with the fact that the minor was unable to communicate to the judge a sufficient understanding of the medical procedure involved, of the associated risks, or of any alternatives to abortion.

Unlike Anonymous 1, Anonymous 2 was able to articulate some appreciation and understanding of the available options and an assessment of the long- and short-term consequences of each of those options. Anonymous 2 indicated that she would be unable to raise a child at this time and that she did not want her child to be adopted because of the emotional difficulty and because of her concerns about controlling the quality of the child's adoptive parents.

However, the evidence fails to show that Anonymous 2 was fully informed or fully considered the relative gravity and possible detrimental impact of the abortion option. While showing that she considered the consequences of keeping the child or giving it up for adoption, Anonymous 2 does not prove by clear and convincing evidence that she considered the possible emotional or physical risks involved with the abortion itself. Although Anonymous 2 testified that she was directed by Planned Parenthood to listen to a tape explaining the abortion procedure, there is no indication that Anonymous 2 had a face-to-face conversation with a counselor at the clinic about the risks associated with an abortion. Of particular concern to this court is that when asked about possible medical risks, Anonymous 2 stated that "I know that there is [sic] a few. They said the risks aren't that great, but I don't really remember what they are." This is not the type of answer which illustrates that a minor has sufficient experience, perspective, and judgment to make a decision to have an abortion without parental consent.

We note that as in the case of Anonymous 1, Anonymous 2 lives with a parent, has never lived on her own, and has limited experience in handling personal finances and holding employment. In *In re Petition of Anonymous 1*, 251 Neb. 424, 429, 558 N.W.2d 784, 788 (1997), we quoted the court's statement in *H__ B__ v. Wilkinson*, 639 F. Supp. 952 (D. Utah 1986), that " 'Experience, perspective and judgment are often lacking in unemancipated minors who are wholly dependent and have never lived away from home or had any significant employment

experience.' " While the fact that Anonymous 2 is unemancipated is not determinative, it is important when it is combined with her inability to articulate the risks associated with an abortion. Considering and giving weight to the fact that the judge below saw and heard the witness, we conclude that Anonymous 2 has failed to sustain her burden of proving by clear and convincing evidence that she is mature within the meaning of § 71-6903(1).

We next must consider whether, notwithstanding her immaturity, the performance of an abortion without notification of her parent would nonetheless be in the best interests of Anonymous 2. We independently conclude that Anonymous 2 has failed to prove that a waiver of parental notification would be in her best interests. While Anonymous 2 expresses concern that the knowledge of her pregnancy would upset her mother, Anonymous 2 has failed to present clear and convincing evidence as to how her mother's alleged inability "to handle it" would affect Anonymous 2's welfare.

## CONCLUSION
The judgment of the district court is affirmed.

AFFIRMED.

GERRARD, J., concurring.

Based on the scant evidence before us, I concur with the majority's determination that the minor in the instant case did not demonstrate by clear and convincing evidence the level of maturity required by statute to give informed consent for an abortion and that she did not demonstrate that notification of a parent would not be in her best interests.

I write separately to point out that while the evaluation of the maturity of minors in judicial bypass proceedings is difficult enough for a trial or appellate judge, the task is made even more difficult when that evaluation hinges solely on the testimony of a minor and, particularly, on her *ability to articulate* her understanding of complex medical procedures and the risks associated therewith.

When asked to communicate to the trial judge an understanding of the medical procedure involved, of the associated risks, or of the alternatives to abortion, Anonymous 2 responded

with answers not out of the norm for a 15-year-old in a strange, formal environment, i.e., a courtroom or judge's chambers. Even though Anonymous 2 testified that she spoke with at least one adult counselor regarding the alternatives to abortion, the medical procedure, and the risks associated with abortion, the record did not contain the testimony of any adult regarding the minor's understanding and ability to make a fully informed choice, taking into account both the immediate and the long-range consequences with respect to the abortion decision. See *Bellotti v. Baird*, 443 U.S. 622, 99 S. Ct. 3035, 61 L. Ed. 2d 797 (1979).

Thus, in light of the evidence adduced at the judicial bypass hearing, i.e., the testimony of Anonymous 2, the majority correctly determined that this 15-year-old minor failed to prove by clear and convincing evidence that she was "mature and capable of giving informed consent to the proposed abortion." Neb. Rev. Stat. § 71-6903(1) (Reissue 1996).

CAPORALE, J., dissenting.

I adhere to the view expressed in my dissent in *In re Petition of Anonymous 1*, 251 Neb. 424, 558 N.W.2d 784 (1997) (Fahrnbruch and Lanphier, JJ., joining), that is, that the proceeding does not present a justiciable issue in a case or controversy cognizable by the courts. I would therefore remand with the direction to dismiss.