THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Brian A. DiMarco,       
Appellant,
 
 
 

v.

 
 
 
Cheryl A. Brooks DiMarco,       
Respondent.
 
 
 

Appeal From Greenville County
R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No.  2005-UP-173
Submitted January 1, 2005  Filed March 9, 2005

AFFIRMED

 
 
 
Brian A. DiMarco, of Greenville, for Appellant.
Kim R. Varner, of Greenville, for Respondent.
 
 
 

PER CURIAM: Brian DiMarco (Husband) petitioned the family court for a decrease in his child support obligation paid to his former wife, Cheryl DiMarco (Wife).  The family court denied Husbands requests and awarded Wife attorneys fees.  Husband appeals and we affirm.[1]
FACTS
Husband filed a petition with the family court to, among other requests, decrease the amount of his child support obligation based on a change in circumstances.  After a hearing, the family court issued a temporary order denying Husbands request based on his failure to supply the court with a financial declaration.  In addition to denying Husbands other requests, the family court awarded Wife $3,000 in attorneys fees.  The family court based its decision to award attorneys fees on Wifes need to investigate Husbands income, the numerous allegations made by Husband that Wife would be required to defend, and the fact Husband had the ability to pay and Wifes inability to pay.  Husband filed a motion to reconsider, which the family court denied.  A final order has been issued resolving the dispute between the parties.  Husband appeals the temporary order.  
LAW/ANALYSIS
I. Attorneys Fees
The award of attorneys fees is a matter within the sound discretion of the family court and will not be overturned absent a showing of abuse of discretion.  Haselden v. Haselden, 347 S.C. 48, 61, 552 S.E.2d 329, 336 (Ct. App. 2001). Husband asserts four arguments to support his contention the family court erred in awarding Wife attorneys fees.  
Husband first argues that the family court judge has an alleged history of abusing his discretion in awarding attorneys fees and cites only one instance where the judge was overruled by this court on that issue.  This argument is wholly without merit.  Whether the family court judge who presided over this case has been found to have abused his discretion once or one hundred times by an appellate court is irrelevant and has absolutely no bearing upon the case currently before us.  We decide the case based on the record that stands before us and refuse to consider this argument by Husband.
Secondly, Husband argues he was not given an opportunity to contest the amount of the attorneys fees awarded because Wife did not make a written request for attorneys fees and she did not submit an attorney fee affidavit.  However, Husband failed to provide us with any of Wifes pleadings and affidavits.[2]  
Considering Husbands argument in light of the inadequate record, we find it was not properly preserved for appeal.  The record reflects Wifes attorney requested attorneys fees at the hearing.  The record does not indicate Husband objected to Wifes request for attorney fees, nor does it indicate he objected to the absence of an attorney fee affidavit.  A contemporaneous objection is required to properly preserve an error for appellate review.  The failure to make an objection at the time evidence is offered constitutes a waiver of the right to object.  Doe v. S.B.M., 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) (internal citations omitted).   Husband failed to preserve this argument for appeal and we are unable to address it.  
Husband also claims the family court abused its discretion in not considering the necessary factors in awarding attorneys fees.  When deciding whether to award attorneys fees, the court should consider each partys ability to pay, whether beneficial results were obtained by the attorney, the financial conditions of the parties, and the effect of the attorneys fees on each party.  Griffith v. Griffith, 332 S.C. 630, 645, 506 S.E.2d 526, 534 (Ct. App. 1998).  In determining what amount of attorneys fees should be awarded, the court should consider the nature, extent, and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of compensation; the beneficial results obtained; and the customary legal fees for similar services.  Id. at 645, 506 S.E.2d at 534.  The order reflects the court considered and explicitly cited the necessary factors and we therefore find the family court did not abuse its discretion.
Husband also argues the family court erred in awarding attorneys fees because the family court based its determination of Wifes ability to pay on fraudulent information.  The family courts order did not address what it relied on in determining Wifes ability pay her attorneys fees.  Therefore, the family court did not specifically rule on this issue and Husband did not include this argument in his motion for reconsideration.  In order for an issue to be preserved for appellate review, with few exceptions, it must be raised and ruled upon by the trial judge. 
Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004).  When a trial court makes a general ruling on an issue, but does not address the specific argument raised by the an appellant, the appellate court cannot consider the argument on appeal. 
Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991).  Accordingly, we are unable to address it upon review.  
II. Reduction in Husbands Child Support
Husband also argues the family court abused its discretion in failing to reduce his child support obligation.  He contends on appeal that he is entitled to a reduction because the parties oldest child had reached the age of majority prior to the initiation of this action.  [A] parents obligation to pay child support extends until the child reaches majority, become self-supporting, or marries, then ends by operation of law.  Purdy v. Purdy, 353 S.C. 400, 403, 578 S.E.2d 30, 31 (Ct. App. 2003); see also S.C. Code Ann. § 20-7-420(17) (Supp. 2004).  However, the record indicates Husbands only argument for a reduction of child support at the hearing was based on a change in circumstances argument.  Therefore, Husband did not raise this issue to the family court, and thus, it was not ruled upon nor properly preserved for our review. 
 AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ. concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The initial record contained only Husbands complaint, the family courts temporary order, the hearing transcript, and Husbands motion for reconsideration.  Husband subsequently provided the final order.