782 N.W.2d 591 (2010)
279 Neb. 912
In re Petition of ANONYMOUS 3, a minor.
No. S-33-100006.
Supreme Court of Nebraska.
May 21, 2010.
*593 Cindy Weber-Blair and Lori Ubbinga for petitioner.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
This proceeding was instituted under the provisions of Neb.Rev.Stat. § 71-6901 et seq. (Reissue 2009) by petitioner, who will be 18 years old in less than 2 months, seeking authorization for her physician to perform an abortion without prior notification to a parent or guardian. The district court denied her request, and pursuant to the expedited procedures outlined in § 71-6904, she appeals to this court.
The issue in this case is not whether petitioner can obtain an abortion,[1] but whether, pursuant to § 71-6902, a parent must be notified 48 hours before the abortion is performed. Parental notification is required under § 71-6902 where the pregnant woman is "an unemancipated woman under eighteen years of age,"[2] unless notification is waived by a court under § 71-6903 or not required under § 71-6906. We determine that petitioner is an emancipated woman and that the notification requirements of § 71-6902 do not apply. We reverse and vacate the judgment of the district court.

BACKGROUND
Petitioner currently lives with her boyfriend of 2 years and their 2-month-old son. She will turn 18 in less than 2 months. She testified that she has lived primarily with her boyfriend since their son was born, although, until recently, she would also stay with her mother a few days a week.
Petitioner has graduated from high school and has enrolled in college. She testified that she will move into her own apartment this summer with the assistance of a local service organization. She testified that she does not expect her boyfriend to live with her there. She works two jobs, owns a vehicle, and has a cellular telephone. She pays for her own gas, food, and other personal bills. She also pays for expenses incurred in raising her son and helps her boyfriend pay the bills for the apartment.
*594 Petitioner does not know her father, and her mother does not help support her. To the contrary, petitioner testified that her mother demands money from her whenever the mother needs it. In the past, her mother has simply taken all the money out of a shared checking account into which petitioner had deposited her earnings.
Petitioner and her mother have a strained relationship. Petitioner explained that her mother's new boyfriend does not like her. Also, when petitioner's mother learned of her first pregnancy, her mother became very angry and did not speak to petitioner until after the birth of her son. Petitioner stated that, even now, her mother mostly yells at her and that they do not speak often.
Petitioner described in detail for the court how she and her boyfriend had considered all their options and the possible long-term and short-term consequences before making the decision to have an abortion. Petitioner explained that she had decided not to tell her mother about the pregnancy because she did not believe her mother would provide any support or guidance. Petitioner stated that if her mother knew about this pregnancy, she would continue to treat her poorly, and "[p]robably worse."
The hearing was conducted on April 28, 2010, during which the court and an attorney representing petitioner asked her questions. The court filed its written findings of fact and conclusions of law on April 30, 2010. The district court denied petitioner's request for a waiver of parental notification. The court concluded that petitioner was not mature or capable of giving informed consent. It also determined that an abortion without parental notification was not in her best interests.
The court found petitioner had "some minimal level of experience at entry level employment," living away from home, and handling her own finances. The court noted that petitioner was not paying rent at her boyfriend's apartment, and thus, it concluded that she was not able to provide for her own residence. The court noted that petitioner did not detail the amount of income she earns or how she apportions and applies her income to her various living expenses. We note that at the hearing, she was not asked to do so. The court stated that although petitioner expressed the desire to be an "independent person," "[s]he did not elucidate how she intended to attain that particular status as a single, 17-year-old mother of a two month old baby," and, to the contrary, had "made some arrangements toward being dependent on agencies and assistance from others."
The petition for waiver was denied. Petitioner appeals.

STANDARD OF REVIEW
Section 71-6904(6) provides that we hear this appeal de novo on the record. Accordingly, we reappraise the evidence as presented by the record and reach our own independent conclusions with respect to the matters at issue.[3]

ANALYSIS
A "[p]regnant woman" is defined in § 71-6901(5) as an "unemancipated woman under eighteen years of age who is pregnant." Under § 71-6902, no abortion shall be performed upon a "pregnant woman" until at least 48 hours after written notice to a parent of the pending abortion. Section 71-6903 may authorize a waiver of the parental notification requirement if the court determines that the "pregnant woman" *595 is mature and capable of giving informed consent to the proposed abortion or if it determines that the performance of an abortion without notification would be in her best interests.[4] As an initial matter, we must determine if the parental notification requirements in § 71-6901 et seq. apply to petitioner. Because we conclude that petitioner is emancipated, she is not a "pregnant woman" as defined by § 71-6901(5) of the parental notification statutes. Therefore, parental notification is not required if petitioner elects to have an abortion.
In a proceeding brought under the provisions of § 71-6901 et seq., the burden of proof on all issues rests with the petitioner, and such burden must be established by clear and convincing evidence.[5] Petitioner will be 18 years old in less than 2 months, and based on the record before us, which is all we may consider, it is clear that petitioner is emancipated. Emancipation means the freeing of the child from the care, custody, control, and service of his or her parents.[6] The emancipation of a minor may be proved by circumstantial evidence or may be implied from the conduct of the parties.[7]
Either acts solely initiated and performed by a minor child or acts of a parent inconsistent with the performance of parental obligations may effectuate a minor's emancipation.[8] In Accent Service Co., Inc. v. Ebsen,[9] we concluded that the minor was emancipated when he had departed from the family home with parental consent after a fight with his mother, taken his personal belongings with him, and thereafter furnished his own support and received nothing from his parent. In Wulff v. Wulff,[10] we concluded that giving birth may also be a factor to be considered in the determination of whether a minor has achieved emancipation, although that factor alone is not dispositive. Other courts have determined that a minor is emancipated when she has borne a child and is living away from her parents in a conjugal relationship with the father of her child.[11]
The evidence is clear and convincing that petitioner is in no manner dependent on a parent or guardian. Petitioner holds employment that pays her own bills, as well as the bills she incurs in the care of her 2-month-old son. Petitioner is not currently living with her mother and has no intention of returning to live with her mother. She currently lives with her boyfriend and their son as an independent family unit. Petitioner stated that her mother has not provided her with any support; instead, she has occasionally given her mother financial assistance. Petitioner makes her own decisions regarding herself and the care of her son.
Petitioner's independence is not diminished because she has sought assistance from her boyfriend or from outside organizations in her pursuit of a college education and a better life. To the contrary, this shows that, without parental guidance, petitioner is able to identify and find other resources and solutions to the difficulties inherent in her current situation. Courts have frequently observed that a minor's *596 receipt of public assistance in the minor's own name evidences emancipation.[12]
It is not for this court to determine the correctness of petitioner's decision[13]; because petitioner is emancipated, the parental notification statutes are inapplicable. Petitioner has demonstrated that the parental ties of care and support between petitioner and her mother have been broken, and petitioner is living an independent life. She is an emancipated woman, and as such is not required to notify her mother of her decision to have an abortion.

CONCLUSION
We reverse and vacate the judgment of the district court. For the reasons stated above, we conclude that petitioner is emancipated and, therefore, does not fall within the parental notification statutes.
REVERSED AND VACATED.
NOTES
[1] See Planned Parenthood of Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976).
[2] § 71-6901(5).
[3] See, In re Petition of Anonymous 2, 253 Neb. 485, 570 N.W.2d 836 (1997); In re Petition of Anonymous 1, 251 Neb. 424, 558 N.W.2d 784 (1997).
[4] In re Petition of Anonymous 2, supra note 3.
[5] Id.
[6] See Palagi v. Palagi, 10 Neb.App. 231, 627 N.W.2d 765 (2001).
[7] See Accent Service Co., Inc. v. Ebsen, 209 Neb. 94, 306 N.W.2d 575 (1981).
[8] See, 67A C.J.S. Parent and Child § 23 (2002); Annot., 55 A.L.R.5th 557 (1998).
[9] Accent Service Co., Inc. v. Ebsen, supra note 7.
[10] Wulff v. Wulff, 243 Neb. 616, 500 N.W.2d 845 (1993).
[11] 55 A.L.R.5th 557, supra note 8.
[12] Id.
[13] See Planned Parenthood of Missouri v. Danforth, supra note 1.