**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shellie A. Funderburk, Respondent,

v.

Brian D. Funderburk, Appellant.

Appellate Case No. 2018-001173

Appeal From Richland County
Gwendlyne Y. Jones, Family Court Judge

Unpublished Opinion No. 2021-UP-424
Submitted June 1, 2021 – Filed December 8, 2021

**AFFIRMED**

Matthew B. Rosbrugh, of MBR Law, LLC, of Columbia,
for Appellant.

Shellie A. Funderburk, pro se, of Cayce.

**PER CURIAM:** In this divorce action, Brian D. Funderburk (Husband) appeals the family court's decision on several issues involving marital property as well as the determination that his and Shellie A. Funderburk's (Wife) oldest child together was emancipated. We affirm.

1.  The family court did not commit reversible error when it allowed evidence regarding (1) the home where the parties lived during the marriage and (2) firearms Husband owned.  Husband contends the family court erred in not excluding the evidence because Wife did not identify the home or firearms as marital assets during the discovery process.  He asserts she did not list the home or the firearms as marital assets in her responses to his interrogatory requesting Wife "Separately Identify . . . Property [Wife] Contends Is Marital In Nature."  He further maintains Wife did not identify two witnesses she intended to call at trial in her discovery responses—the individual who conducted the property appraisal and the individual who performed an appraisal of the firearms.  Husband argues he was prejudiced by these failures because he would have taken different positions and made different discovery decisions.  Husband further contends the family court erred in denying his motions for sanctions relating to this evidence.

The appellate court reviews decisions of the family court de novo.  *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  "[T]he standard for reviewing a family court's evidentiary or procedural rulings . . . [is] an abuse of discretion standard."  *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (per curiam).  "An abuse of discretion occurs when the order of the court is controlled by an error of law or whe[n] the order is based on factual findings that are without evidentiary support."  *Rouvet v. Rouvet*, 388 S.C. 301, 308, 696 S.E.2d 204, 207 (Ct. App. 2010).  "The decision to impose sanctions is one in equity, and thus the appellate court reviews the circuit court's factual findings de novo."  *Pee Dee Health Care, P.A. v. Est. of Thompson*, 424 S.C. 520, 538 n.11, 818 S.E.2d 758, 768 n.11 (2018).  "If the appellate court agrees with the factual findings, then it reviews the circuit court's decision to impose sanctions . . . for an abuse of discretion."  *Id.*

The family court is charged with identifying marital property.  *See Avery v. Avery*, 370 S.C. 304, 313, 634 S.E.2d 668, 673 (Ct. App. 2006) ("When making an equitable distribution of marital property, the family court is charged with identifying the marital property and determining the property's fair market value."); *see also* S.C. Code Ann. § 20-3-630(A) (2014) (providing marital property includes all real and personal property the parties acquired during the marriage and owned as of the date of filing or commencement of marital litigation).

A trial court has a duty to "ascertain[] the type of witness involved and the content of his evidence, the nature of the failure or neglect or refusal to furnish the witness'[s] name, and the degree of surprise to the other party, including prior knowledge of the name by said party."  *Callen v. Callen*, 365 S.C. 618, 627, 620

S.E.2d 59, 63-64 (2005) (quoting *Laney v. Hefley*, 262 S.C. 54, 59-60, 202 S.E.2d 12, 14 (1974)).  "After inquiring, the court has discretion whether to admit or exclude the testimony."  *Id.* at 627, 620 S.E.2d at 64.  "The decision of whether or not to allow a witness to testify who was not previously listed on answers to interrogatories rests within the sound discretion of the trial [court]."  *Bryson v. Bryson*, 378 S.C. 502, 506, 662 S.E.2d 611, 613 (Ct. App. 2008) (alteration by court) (quoting *Jumper v. Hawkins*, 348 S.C. 142, 150, 558 S.E.2d 911, 915 (Ct. App. 2001)).

"Exclusion of a witness is a sanction which should never be lightly invoked."  *Id.* (quoting *Jumper*, 348 S.C. at 149, 558 S.E.2d at 915)).  The trial court must consider the following factors before excluding a witness:

> (1) the type of witness involved; (2) the content of the evidence emanating from the proffered witness; (3) the nature of the failure or neglect or refusal to furnish the witness'[s] name; (4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and (5) the prejudice to the opposing party.

*Id.* at 506-07, 662 S.E.2d at 613 (quoting *Jumper*, 348 S.C. at 152, 558 S.E.2d at 916)); *see also Jenkins v. Few*, 391 S.C. 209, 219, 705 S.E.2d 457, 462 (Ct. App. 2010) ("Before excluding a witness as a sanction for violating the continuing duty to disclose information the trial court should ascertain (1) the type of witness involved, (2) the content of the evidence, (3) the explanation for the failure to name the witness in answer to the interrogatory, (4) the importance of the witness's testimony, and (5) the degree of surprise to the other party.").

"An affirmative duty does exist to answer interrogatories . . . ."  *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 83, 716 S.E.2d 877, 885 (2011).  "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer."  Rule 33(a), SCRCP; *see also* Rule 81, SCRCP (stating the South Carolina Rules of Civil Procedure apply in the family court as long as no family court rule is inconsistent).  "Pursuant to Rule 33(b)(6), SCRCP, counsel has a duty to disclose 'any expert witnesses whom the party proposes to use as a witness at the trial of the case.'"  *Jenkins*, 391 S.C. at 219, 705 S.E.2d at 462.

"Where [the rights of discovery provided by the Rules] are not accorded, prejudice must be presumed and, unless the party who has failed to submit to discovery can

show a lack of prejudice, reversal is required." *Downey v. Dixon*, 294 S.C. 42, 46, 362 S.E.2d 317, 319 (Ct. App. 1987). In *CFRE, LLC*, the supreme court noted*:* "[P]rejudice must be presumed and, *unless the party who has failed to submit to discovery can show lack of prejudice*, reversal is required." 395 S.C. at 83, 716 S.E.2d at 886 (alteration and emphasis added by court) (quoting *Downey*, 294 S.C. at 46, 362 S.E.2d at 319).

Husband suffered no surprise or prejudice from the admission of evidence related to the home or the firearms. First, Wife's complaint referred to the property as "the marital residence" and requested it be subject to equitable division. Husband's answer also referred to the property as the marital residence. *See Smith v. Smith*, 386 S.C. 251, 261, 687 S.E.2d 720, 726 (Ct. App. 2009) ("Rule 8(f)[, SCRCP,] requires courts to construe pleadings so 'as to do substantial justice to all parties.'"); *id.* ("To ensure substantial justice to the parties, the pleadings must be liberally construed." (quoting *Gaskins v. S. Farm Bureau Cas. Ins. Co.*, 343 S.C. 666, 671, 541 S.E.2d 269, 271 (Ct. App. 2000), *aff'd as modified on other grounds*, 354 S.C. 416, 581 S.E.2d 169 (2003))). Additionally, the family court had previously ordered both the home and the firearms be appraised. The family court's consent temporary order required the parties to have the marital residence appraised if they could not agree on its value, and the family court ordered Husband to participate and pay for half of the appraisal of the marital residence. Further, Husband spoke with the court-ordered appraiser when he came to the home to appraise it. The family court also ordered Husband to have the guns appraised. Wife called that appraiser to testify at trial. Husband asserts that if had been informed prior to trial, he could have prepared to respond. He argues he could have conducted additional discovery regarding the funding for the home. However, Husband was in the best position to rebut this evidence with documentation or his own testimony but chose not to testify at any point during the trial. Accordingly, the family court did not commit reversible error in allowing evidence about the home and the firearms.

2. The family court did not commit reversible error when it held certain investment accounts were marital assets. Husband argues Wife presented no evidence to establish a prima facie case that such accounts were marital assets and offered no evidence regarding the amounts contributed during the marriage. Even though Wife was not aware of the accounts during the marriage, she learned of them through discovery. After learning of them, she testified they were marital. "A party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital. If the party presents evidence to show the property is marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character." *Wilburn v. Wilburn*, 403 S.C. 372,

382, 743 S.E.2d 734, 740 (2013) (citation omitted); *see also Johnson v. Johnson*, 296 S.C. 289, 294, 372 S.E.2d 107, 110 (Ct. App. 1988) ("The spouse claiming an equitable interest in property upon dissolution of the marriage has the burden of proving the property is part of the marital es[t]ate.  If she carries this burden, she establishes a prima facie case that the property is marital property.  If the opposing spouse then wishes to claim that the property so identified is not part of the marital estate, he has the burden of presenting evidence to establish its nonmarital character." (citation omitted)).  While an appellate "[c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence," this "does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations." *Moore v. Moore*, 414 S.C. 490, 497, 779 S.E.2d 533, 536-37 (2015).

Because Wife presented evidence to show the investment accounts were marital, the burden shifted to Husband to present evidence to establish the accounts' nonmarital character.  "If the opposing spouse can show that the property was acquired before the marriage or falls within a statutory exception, this rebuts the prima facie case for its inclusion in the marital estate." *Pruitt v. Pruitt*, 389 S.C. 250, 261, 697 S.E.2d 702, 708 (Ct. App. 2010).  Husband put up no evidence or testimony contrary to Wife's testimony, and he did not testify at any point during the trial.   Thus, he did not rebut Wife's testimony the accounts were marital, and the family court did not err in finding the investment accounts were marital. *See Hough v. Hough*, 312 S.C. 344, 347, 440 S.E.2d 387, 388-89 (Ct. App. 1994) (holding a party who failed to present any evidence on the issue of the value of the marital estate could not complain on appeal the family court erred in its valuation of the estate); *Honea v. Honea*, 292 S.C. 456, 458, 357 S.E.2d 191, 192 (Ct. App. 1987) ("[A] party cannot sit back at trial without offering proof, then come to this [c]ourt complaining of the insufficiency of the evidence to support the family court's findings."); *see also Lewis*, 392 S.C. at 391, 709 S.E.2d at 655 (noting the party contesting the family court's decision bears the burden of demonstrating the preponderance of the evidence does not support the family court's factual findings).

3.  The family court did not commit reversible error when it held the parties' oldest child (B) was emancipated.  Husband asserts the record failed to demonstrate B's self-sufficiency.  At the time of the divorce, B was eighteen years old and had no physical or mental disabilities.  He had dropped out of high school and worked full time for between one and two years.  B was currently attending GED classes, although he had previously attended the classes and stopped without receiving his GED.  "Generally, under South Carolina law, a parent's obligation to pay child support extends until the child reaches majority, becomes self-supporting, or

marries, then ends by operation of law." *Purdy v. Purdy*, 353 S.C. 400, 403, 578 S.E.2d 30, 31 (Ct. App. 2003); *see also* S.C. Code Ann. § 63-3-530(A)(17) (Supp. 2020) ("The family court has exclusive jurisdiction . . . [t]o make all orders for support run until further order of the court, except that orders for child support run until the child turns eighteen years of age or until the child is married or becomes self-supporting, as determined by the court, whichever occurs first, or past the age of eighteen years if the child is enrolled and still attending high school, not to exceed high school graduation or the end of the school year after the child reaches nineteen years of age, whichever is later . . . ."). "Emancipation of a minor child is effected primarily by agreement of the parent, although acts of the child are to be considered." *Purdy*, 353 S.C. at 403-04, 578 S.E.2d at 31 (quoting *Timmerman v. Brown*, 268 S.C. 303, 305, 233 S.E.2d 106, 107 (1977)). "Whether a child has been emancipated depends on the facts and circumstances of each case." *Id.* at 404, 578 S.E.2d at 31 (quoting *Timmerman*, 268 S.C. at 305, 233 S.E.2d at 107). The fact that B was attending GED classes is not equivalent to being "in high school 'and . . . making satisfactory progress toward completion of high school.'" *Blackwell v. Fulgum*, 375 S.C. 337, 343, 652 S.E.2d 427, 430 (Ct. App. 2007) (quoting S.C. Code Ann. § 20-7-420(17) (Supp. 2006) [current version at § 63-3-530(A)(17)]). Accordingly, the family court did not err in finding B was emancipated.

4. Our determination that the family court did not err in finding the parties' oldest son was emancipated is dispositive of Husband's argument the family court committed reversible error when it failed to include the parties' oldest son in the child support calculus because his assertion of error is only based on emancipation. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

5. The family court did not commit reversible error when apportioning the marital assets by failing to account for the fault of Wife. Even assuming arguendo that Husband met his burden of proving Wife committed adultery, the family court did not err in its consideration of the factors for equitable distribution. "In reviewing a division of marital property, an appellate court looks to the overall fairness of the apportionment." *Thornton v. Thornton*, 428 S.C. 460, 470, 836 S.E.2d 351, 356 (Ct. App. 2019) (quoting *Brown v. Brown*, 412 S.C. 225, 235, 771 S.E.2d 649, 655 (Ct. App. 2015)). "Fault is a factor for the court to consider in an equitable division award although it does not justify a severe penalty." *Noll v. Noll*, 297 S.C. 190, 196, 375 S.E.2d 338, 342 (Ct. App. 1988); *id.* ("The court was aware of the marital misconduct, but it appears pre-existing marital discord may have

ameliorated the effect of her adultery.").  "[W]hile a spouse's adultery that causes the breakup of a marriage is an appropriate consideration for equitable apportionment, our courts 'have consistently held that fault does not justify a severe penalty.'" *Ricigliano v. Ricigliano*, 413 S.C. 319, 337, 775 S.E.2d 701, 711 (Ct. App. 2015) (quoting *Doe v. Doe*, 370 S.C. 206, 215, 634 S.E.2d 51, 56 (Ct. App. 2006)).  "Our laws do not 'sanction the consideration of fault as a permissible punitive factor.'" *Id.* (quoting *Doe*, 370 S.C. at 216, 634 S.E.2d at 56-57); *see also Thornton*, 428 S.C. at 468-76, 836 S.E.2d at 355-59 (affirming a 50/50 equitable distribution even when the divorce was granted on the ground of adultery by the wife).  The family court did not commit reversible error when apportioning the marital assets because the overall valuation of the assets was fair and fault cannot be a punitive factor.

6.  The family court did not commit reversible error when it heard and ruled upon Wife's motion to reconsider.  Husband asserts the motion was untimely under Rule 59(e), SCRCP.  However, Wife made the motion under both Rule 59(e) and Rule 60(b), SCRCP.  Husband's argument focuses on the motion's being filed more than ten days after the final order.  The family court in its order ruling on Wife's motion for reconsideration found: "Although the issue of the tax refund was not addressed in the Final Order, this Court finds that [Wife's] Rule 60(b) [motion] is appropriate under the circumstances."  Rule 60(b)(1) provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."  In those circumstances, "[t]he motion shall be made within a reasonable time[] and . . . not more than one year after the judgment, order[,] or proceeding was entered or taken."  Rule 60, SCRCP.  Because Wife filed the motion less than one year after the judgment and within a reasonable amount of time, the family court did not abuse its discretion in finding the motion timely under Rule 60.

7.  The family court did not err by finding the 2016 tax return was a marital asset subject to equitable division.  The tax return had already been designated as property to be divided at the hearing if the parties had not reached an agreement. "An income tax refund is nothing more than a return of income." *Phillips v. Phillips*, 290 S.C. 455, 458, 351 S.E.2d 178, 180 (Ct. App. 1986).  Accordingly, the family court did not err in dividing the refund on a 50/50 basis as it did the other marital property.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.